FISHER v. THE CITY OF OSKALOOSA.

1. Attorney and client: LIEN OF ATTORNEY FOR COMPENSATION. To entitle an attorney to a lien for compensation for his services in an action, it is only necessary for him, under section 2708 of the Revision, to give notice thereof to the adverse party against whom a judgment has been obtained ; and the latter, after being thus notified, cannot escape responsibility by paying the money into the hands of the clerk, though the attorney be notified thereof, nor do any act to defeat the lien, which can only be discharged by payment or legal proceedings. WRIGHT, J., dissenting.

2 —— It seems, that, if, for any reason, as the discharge of the attorney or the like, the amount of the judgment cannot safely be paid to him, the judgment debtor may pay it to the clerk, under the condition and direction that it be held subject to the lien of the attorney ; the judgment debtor thus making the clerk his agent for the proper appropriation of the money.

*Appeal from the Mahaska District Court.*

WEDNESDAY, JANUARY 5.

THE plaintiff is an attorney at law, and prosecuted an action in favor of Nancy Haywood against defendant in this case, and recovered judgment therein. After the rendition of the judgment, he served defendant with a written notice, to the effect that he claimed a lien upon the judgment for the sum of $35 for his fees, as the attorney of plaintiff in the case, and requiring defendant not to pay the judgment to the plaintiff.

He also appeared before the council of the city and requested payment to himself of the judgment, less the costs, and offered to execute a receipt in full of the judgment. The council refused to comply with the request, and proposed to pay the judgment to the clerk of the court wherein it was rendered, and to notify plaintiff thereof, that he might attend and draw whatever sum

was coming to him. He did not consent to this arrangement, but informed the council that he would hold the city for the sum due him. The city paid the amount of the judgment to the clerk of the court, and the judgment was satisfied in full. Immediately after the officer of the city had paid the money, he met plaintiff and began to tell him the fact of payment, but plaintiff passed on, refusing to notice him or to pay any attention to what he said. The agent of Nancy Haywood, the plaintiff in the action, on the same day the money was paid, received it of the clerk. On the next day plaintiff inquired of the clerk if there was any money for him upon the judgment. There was no collusion between the city authorities and Nancy Haywood to defeat plaintiff's lien. There was no statement of plaintiff's lien, nor notice thereof, filed with or served upon the clerk.

No suit has been brought by plaintiff against his client for his services, and there is due him, therefor, $20.50.

The cause was tried to the court without a jury, and, upon a finding of facts, substantially as above stated, judgment was rendered for defendant. Plaintiff appeals.

*Z. T. Fisher, Hendershott & Burton* for the appellant.

No appearance for the appellee.

BECK, J. — Section 2708 of the Revision provides that "an attorney has a lien for a general balance of compensation * * * upon money due to his client and in the hands of the adverse party in an action or proceeding in which the attorney was employed, from the time of giving notice of the lien to that party." This provision is so explicit and plain that there would seem to be no occasion for doubt or difficulty in its construction. To entitle the attorney to the lien, it seems that nothing is necessary to be done

ATTORNEY AND CLIENT: attorney's lien for compensation.

Fisher v. The City of Oskaloosa.

by him except the giving of the notice to the adverse party. That party can do no act to defeat the lien, and it can be discharged in no way except by payment or proper legal proceedings. If this were not so, the attorney would have in effect no lien, and his protection would amount to nothing. If the party can pay the money into the hands of another, and thereby defeat the right of the attorney, it is obvious that the provision of the statute above cited is rendered inoperative. If he cannot lawfully do this, it is plain that, in case he does so, he is liable to the attorney. If the judgment debtor can release the lien by unconditional payment to the clerk, upon notice to the attorney, then is the existence of the lien dependent upon his will. It will be observed that the statute does not provide that the attorney may hold the lien upon the money when paid into the hands of the clerk. It extends only to the money while in the hands of the adverse party. It may be said that, if the judgment debtor cannot pay the money to the clerk, he may be harrassed with executions, and that he cannot determine whether the amount claimed by the attorney is a just and proper compensation. But he may be relieved of any difficulty on these grounds by the payment of the fee or the whole amount of the judgment to the attorney. But it may be said that he ought to be permitted to pay the money to the clerk, in order to have satisfaction of the judgment. The attorney's receipt, presented to the clerk, will as readily procure satisfaction and discharge of the judgment as the payment of the money to that officer. If, for any reason, as the discharge of the attorney or the like, it cannot be paid to him, it may be paid to the clerk, under the condition and direction that it be held subject to the lien of the attorney ; the judgment debtor thus making the clerk his agent for the proper appropriation of the money. Any questions as to the lien or the

amount thereof could then be determined without expense or trouble to the judgment debtor. We see no objection to this course. The fact that defendant notified plaintiff of the payment to the clerk does not defeat the lien. The defendant, as we have seen, had no right to pay to the clerk that part of the money claimed by the attorney, and the notice could not relieve defendant of responsibility for so doing.

It may have been a mere caprice of the plaintiff to require payment to be made to him, instead of consenting that it be paid to the clerk, from whom he could have received the money due him. It may, too, have been a like caprice on the part of defendant, in insisting upon making payment to the clerk. Between the parties, as to these things, we will not judge.

Plaintiff has the advantage in having the law to support his demands.

Other questions made in the case need not be considered, as the judgment, under the views above expressed, must be

Reversed.

WRIGHT, J. (dissenting). — In my opinion this judgment should not be disturbed. I rest my conclusion upon the following considerations :

*First.* The absence of collusion between the debtor and creditor. The defendant acted in the utmost good faith, and there is no evidence or finding of the client's insolvency or inability to pay. Indeed it appears affirmatively that plaintiff never even demanded the money of his client.

*Second.* The notice was not to pay to the plaintiff in the action, no objection being made therein to paying it to the clerk. It was not paid to the client.

Fisher v. The City of Oskaloosa.

*Third.* Defendant had a right to pay this money to the clerk. The costs were to be paid, and upon paying the judgment the city could properly exact that the records should show its satisfaction. This could be accomplished certainly, and beyond cavil, by going to the office, and in no other way so well. A party is not bound to take a receipt from the attorney, but may insist upon going to the record and having the satisfaction entered there. See Rev. §§ 346, cl. 2, 3141, 3265.

The lien is effectual from the time of giving notice to the adverse party. This I concede. But the adverse party may, after that, if acting in good faith or without collusion, pay the money to the clerk. Such an act is not in defiance of the claim set up by the attorney (certainly not under the terms of the notice given in this instance), but places the money, not in the client's hands, but in the custody of the proper officer, for the attorney and client to demand and obtain as they between themselves may establish their right. Then a notice to the clerk operates as a notice to the adverse party; and when thus given, the debtor pays to the creditor at his peril. If the notice had been thus given in this instance, there would have been no trouble.

*Fourth.* But, finally, I insist that plaintiff is estopped from making the claim, for he, by his own carelessness and indifference, failed to get this money. He was advised that the money *would* be paid to the clerk; it was proposed in advance that he should be notified of it at the time of the payment, and thus get his pay. To this proposition he refused to accede. *Immediately after the payment* the party acting for the city, and who had just stepped from the clerk's office, "commenced telling him that he had paid the money to the clerk, but plaintiff passed on and refused to notice him or pay attention to what he was saying." All these facts were found by the

court below, and their correctness is not questioned in the majority opinion. If the city after this is held liable to again pay this debt, then, it seems to me, negligence is at a premium, and perverseness the certain prospect to success, in a forum where justice is supposed to be "judicially administered."

I repeat, that the judgment ought to be *affirmed*. A majority of the court, however, construing the law upon the facts found, think otherwise. It follows that the judgment must be

Reversed.