WINSLOW ET AL. v. THE CENTRAL IOWA R'Y CO. ET AL.

1. **Champerty:** WHAT IS NOT: CONTINGENT FEE. A contract between an attorney and his client that the former shall have for his compensation one-third of the amount that may ultimately be recovered in an action, the attorney to pay no costs or expenses, except his own personal expenses, is not champertous. (*McDonald v. Railroad Co.*, 29 Iowa, 174, and *Jewel v. Neidy*, 61 Id., 299, followed.)

2. **Attorneys' Fees:** NOTICE OF LIEN ENTERED ON JUDGMENT DOCKET: EFFECT OF: REVERSAL OF JUDGMENT. Where, after a judgment has been procured for the plaintiff in an action, his attorneys enter upon the judgment docket notice of their claim for a lien for their fees in the case, such notice creates a lien not only upon the judgment, but upon any money due the plaintiff from the defendant in that action. And so, even where the judgment is reversed on appeal, the defendant may not settle with plaintiff and pay him the amount agreed on, and thus defeat the lien of his attorneys. And in this case, where a defendant did so settle and pay, *held* that it was still liable to the attorneys for their fees.

*Appeal from Mahaska Circuit Court.*

WEDNESDAY, MARCH 9.

THIS is an action to recover attorneys' fees which plaintiffs claim to be due them from defendants. There was a trial to the court without a jury, and a judgment rendered for the plaintiffs. Defendants appeal.

*A. O. Daly* and *J. H. Blair*, for appellants.

*Wm. R. Lacey*, for appellees.

ROTHROCK, J.—In the year 1882 the defendant Bucklew commenced an action against the Central Iowa Railroad Company to recover damages for a personal injury received while in the employment of said company. The action was brought in Mahaska county, and a change of venue was taken to Jasper county, where a trial was had, which resulted in a verdict and judgment against the railroad company for $6,000. Before commencing the action, Bucklew entered into a written contract

with the plaintiff Lacey, which contract was in these words:

"I agree to pay to John F. Lacey, as a contingent fee in the above case, a sum equal to one-third of the amount that may be ultimately collected therein. Said Lacey is not to pay any costs or expenses except his own personal expenses.

"WM. BUCKLEW."

When the cause was removed to Jasper county, Lacey, with the knowledge and consent of Bucklew, procured the plaintiff Winslow to assist him in the trial. After the judgment was entered on the judgment docket of the district court of Jasper county, the plaintiffs entered upon said docket a notice of a lien in the following words:

"We hereby give notice that we claim an attorneys' lien on this judgment for the sum of $2,000, for services rendered the plaintiff in this cause, and as compensation for service so rendered him in their professional capacity, and in the course of their professional employment.

"JOHN F. LACEY.
"H. S. WINSLOW."

The case was appealed by the railroad company to this court, and the judgment was reversed. See 64 Iowa, 603. After the cause had been remanded for a new trial, and on the eighth day of July, 1885, Bucklew and the railroad company settled the suit by a written stipulation, in which it was agreed that the company should pay Bucklew $1,650 in full and complete satisfaction and discharge of all claims for damages for the injuries complained of. It was also agreed that Bucklew should pay his attorneys in said suit, and he received from the company $150 for that purpose, which sum was included in the $1,650 for which the suit was settled. The plaintiffs claim by this action that they are entitled to recover of the defendants the one-third of the amount received by Bucklew in this settlement. The claim is based upon the notice entered upon the judgment docket.

The defendants set up several defenses to the action. One

of these defenses was that the plaintiffs' services were of no value to Bucklew in the trial of the action. This defense is without support in the evidence. Another defense was that the written contract made by Bucklew with Lacey was "champertous, against public policy, and void." We think this defense is without merit. The contract is an agreement for a contingent fee. It has long been settled in this state that such a contract is not unlawful. *McDonald v. Railroad Co.*, 29 Iowa, 174; *Jewel v. Neidy*, 61 Iowa, 299.

There are other minor questions in the case, including objections to an order of the court authorizing the approval of an attachment bond, and striking out a counter-claim filed by the defendant Bucklew. These orders are so manifestly correct that we do not deem it necessary to more than mention the fact that objections were made to them.

II. We come now to the only real question in the case, which is, did the plaintiff acquire a valid and continuing lien upon the claim against the railroad company by the writing entered upon the judgment docket? It appears to be conceded that, if the judgment had not been reversed, the lien would have been valid. But counsel for the defendants strenuously contend that the lien was on the *judgment*, and when that was reversed the lien was lost. The third subdivision of section 215 of the Code provides that an attorney has a lien upon "money due his client, in the hands of the adverse party, or attorney of such party, in an action or proceeding in which the attorney claiming the lien was employed, from the time of giving notice in writing to such adverse party, or attorney of such party, if the money is in possession or under the control of such attorney, which notice shall state the amount claimed, and, in general terms, for what services." And the fourth sub-division of said section provides that, "after a judgment in any court of record, such notice may be given, and the lien made effective against the judgment

*2. ATTOR-NEYS' fees: notice of lien entered on judgment docket: effect of: reversal of judgment.*

debtor, by entering the same in the judgment docket oppo-
site the entry of the judgment."

Counsel for appellant contend that the lien entered of rec-
ord was on the *judgment*, and not upon money in the pos-
session of the adverse party due the plaintiff in the action.
It is true that the entry made upon the judgment docket
states that a lien is claimed on the judgment. We think,
however, that the plaintiffs had no right to make any claim
other than that provided by statute, and the section of the
Code above cited does not provide for a lien on the *judgment*,
as such. It expressly provides for a lien on money in the
hands of the adverse party or his attorney.

It is further claimed that, as the statute provides, where
notice of the lien is placed upon the judgment docket, and
thus made effective against the judgment debtor, the notice
ceased or expired when the judgment was reversed, because
there was then no "judgment debtor." We think, however, that
the words "judgment debtor," as used in the fourth sub-di-
vision of the section above quoted, are merely descriptive of
the person against whom the lien may be enforced. It will
be observed that notice of the lien upon money in the hands
of the adverse party is not required to be personally
served after judgment. The adverse party is charged with
notice by the entry on the judgment docket. From the
time of such entry he cannot prejudice the rights of the
attorney claiming the lien by a settlement with his client;
and as the law does not place the lien upon the *judgment*,
but upon the claim against the adverse party, or the money
in his hands, we think the notice remained binding upon the
defendant as long as the money remained in its hands. If
the plaintiffs had merely stated in the entry upon the judg-
ment docket their lien upon the money claimed of the rail-
road company, and in its hands, due to Bucklew for the
injury of which he complained, the notice would have been
in strict conformity with the statute, and would have been
binding on the railroad company through all the further

progress of the case, and up to the actual payment of the demand. We do not think the fact that the word "judgment" was used in the entry instead of "suit," "action," or "claim," or some other equivalent word, was a matter of any consequence in fixing the rights of the parties.

In our opinion, the judgment of the circuit court should be AFFIRMED.