**D. P. JENNINGS, Appellant, v. O. D. BACON, Appellee.**

**Assignment of Judgment:** ATTORNEY'S LIEN: PRIORITY.   The entry
of notice upon a judgment docket of a claim to an attorney's lien
will not entitle an attorney in a cause to a lien upon a judgment
rendered therein, as against an assignment of the judgment made
prior to the entry of notice.

*Appeal from Clayton District Court.*—HON. L. O. HATCH,
Judge.

FRIDAY, JANUARY 29, 1892.

APPEAL by A. Chapin upon a certificate of the trial
judge as follows: "Finding of facts and certificate of
questions involved: Motion of Charles Stoddard for
order requiring the clerk to pay to him the money in
his hands paid in satisfaction of the judgment in the
above-entitled cause.   The court finds the following
facts:   *First.* On the seventh day of June, 1887, the
plaintiff assigned this judgment to said Charles
Stoddard.   *Second.* On the next day the assignment
was recorded on the judgment record of the case.
*Third.* A. Chapin was the plaintiff's attorney in this
action, and for him obtained the judgment.   *Fourth.*
On the fifth day of July, 1887, said Chapin entered
upon the proper place in the judgment docket a claim
of a lien for his fees in this action on the money due
from the judgment debtor to Mr. Chapin's client.
*Fifth.* The amount of Mr. Chapin's claim was one
hundred dollars.   *Sixth.* On the thirteenth day of July,
1888, the judgment debtor paid to the sheriff, who on
the same day paid into court, the amount due on the
judgment, and the same is now held by the clerk.
*Seventh.* At the time of the assignment of said judg-
ment to Stoddard, the latter held a valid promissory
note against the plaintiff, on which was due a sum

greater than the amount of the judgment, and Stoddard took said assignment, and applied the amount due on the judgment as a payment on the note. Such was the agreement between the judgment plaintiff and the assignee. *Eighth.* There was no want of good faith in this transaction between the plaintiff and the assignee. *Ninth.* That Mr. Chapin's claim was intended to cover future as well as past services in the case, and that services of the value of forty dollars were rendered by him in attempting to collect the judgment after the assignment, and before said Chapin had actual notice of the same. Such being the facts, I find these conclusions of law: *First.* That Mr. Chapin had no lien on the judgment in question until he gave notice thereof, July 5, 1887, by filing his claim for a lien on the judgment docket. *Second.* That said Chapin has no lien or equitable interest in said judgment which is superior to the rights of the assignee therein. *Third.* That the assignee is entitled to the money in question, and the clerk is ordered to pay the same to him. A. Chapin excepts to each and every one of these findings at the time. Certificate of court:

"I, L. O. Hatch, hereby certify that this motion involves the determination of the following questions of law upon which it is desirable to have the opinion of the supreme court: Do the aforesaid facts entitle Charles Stoddard, the assignee, to said money, or does said money belong to A. Chapin, who claims the same? This certificate is given at the time of making said order.

"L. O. Hatch."

*A Chapin,* for appellant.

*W. A. Preston,* for appellee.

Given, J.—I. Matters not appearing in the certificate are urged upon our attention in argument and by an additional abstract. These cannot be considered.

While we will look to the record to see if the questions certified are involved in the case, we must decide the questions involved and certified upon what is shown in the certificate. See notes to section 4402, McClain's Code.

The question presented by the certificate is whether the appellant had a lien upon the money due to his client Jennings on the judgment against O. D. Bacon at the time Jennings assigned the judgment to Charles Stoddard. Section 215 of the Code is as follows: "An attorney has a lien for a general balance of compensation upon, *first*, any papers belonging to his client which have come into his hands in the course of his professional employment; *second*, money in his hands belonging to his client; *third*, money due his client in the hands of the adverse party or attorney of such party, in an action or proceeding in which the attorney claiming the lien was employed, from the time of giving notice in writing to such adverse party or attorney of such party, if the money is in the possession or under the control of such attorney, which notice shall state the amount claimed, and, in general terms, for what services; *fourth*, after judgment in any court of record, such notice may be given, and the lien made effective against the judgment debtor by entering the same in the judgment docket opposite the entry of the judgment."

The appellant had not served notice as required by this section before the assignment, and therefore did not then have a lien under the statute. His contention is that he had a lien under the common law; that the statute is not exclusive of but additional to the common law; that the lien was valid as against his client without notice; and that his client could not assign to Stoddard more than he had, which was the judgment subject to the lien. Two classes of liens are recognized at common law in favor of attorneys, namely, a retaining lien and a charging lien. A retaining lien gives to the attorney

the right to retain all papers of his client, which come to him by reason of his professional character, for any balance due to him for his employment; also the right to retain from funds of the client in his hands for his fees and disbursements in the case. This lien is not different from those accorded to all persons in respect to things on which they have bestowed labor. "The charging lien is a special lien to which an attorney or solicitor is entitled upon funds in court recovered through his exertions. The lien attaches on the fruits of a judgment or decree. It attaches to the money payable to the client thereunder or by virtue of an award, and to money paid or payable into court in the course of an action or suit, or in any other way if the proceeds of the labor and skill of an attorney." American & English Encyclopedia of Law, under "Attorney and Client." By the same authority, and cases therein cited, it will be seen that the party owing the money is not bound by a "charging lien" unless notified thereof. See, also, Wharton on Agency, secs. 625, 626. It will be seen from this statement of the common law that section 215 is a substantial enactment thereof. It omits no part of it, and adds nothing thereto, except the provision for giving notice by entry on the judgment docket. Clearly, the statute stands in lieu of the common law, and it is under it alone that such liens can be established. It is expressly provided that the lien only attaches "from the time of giving notice in writing." No such notice having been given at the time the assignment was made, no lien then existed. While as to a retaining lien no notice is required, a charging lien does not exist either at common law or under the statute as to either the client or adverse party until notice thereof has been given.

The judgment of the district court is AFFIRMED.