PARSONS & DOLAN AND JAMES C. DAVIS v. GEORGE A. HAWLEY, Appellant.

Attorney Fee: Lien: SETTLEMENT BY CLIENT.  A defendant who is served with notice of attorney's lien is liable if he settles the judgment against him, pending appeal; but he is liable for what is justly due, only.   Where there is a compromise of a judgment demand, attorney fees should be based on what is obtained by the settlement, and not on the amount of the judgment.

*Appeal from Keokuk Superior Court.*—HON. HENRY BANK, JR., Judge.

TUESDAY, OCTOBER 16, 1894.

ACTION at law to recover attorney's fees.   The cause was tried before the court without a jury, and a judgment was rendered for the plaintiffs for three hundred dollars.   Defendant appeals.—*Reversed.*

*James H. Anderson* for appellant.

*Parsons & Dolan* and *Jas. C. Davis* for appellees.

RÓTHROCK, J.—It appears that in the year 1889 one Verburg commenced an action against George A. Hawley, appellant herein, for the conversion of two horses, a wagon, and harness.   After the suit was commenced, and before it was tried, Hawley delivered the horses to Verburg, and a trial was had for the conversion of the wagon and harness.   The trial resulted in a judgment in favor of Verburg for seven hundred and

seventy-eight dollars. Hawley appealed the case to this court, and pending the appeal the parties settled the cause, and by a stipulation, the judgment appealed from was reversed. After the cause was settled in this court, and the judgment reversed, the plaintiffs herein, as attorneys for Verburg, filed an application for a re-hearing of the order reversing the judgment, which was overruled. The application for a rehearing appears to have been founded upon the thought that a notice of a lien for attorney's fees attached to the judgment, and the parties had no right to settle the case without making provision for the payment of the attorney's fees. It appears that shortly after the original action was commenced the attorneys of Verburg served a notice on Hawley of a claim for three hundred dollars attorney's fees. After the judgment was rendered they entered another notice of record, claiming five hundred dollars attorney's fees. Counsel for appellant insists that these notices were not in proper form, and therefore not in compliance with the statute, which is section 215 of the Code. The objection is not well taken, and we do not think it is necessary to set out the notices and discuss the question.

There is nothing in this whole record to show why such an enormous judgment was recovered for the conversion of a wagon and harness, except the testimony of one of counsel for appellees that the conversion was a grievous wrong and outrage, amounting almost to highway robbery. The fact is that the fees claimed by the attorneys and allowed by the court far exceed the value of the subject of the action. The parties to the judgment had the right to settle their case after it was appealed to this court. The statute authorizing a lien does not provide for a lien on the judgment, but upon the claim against the adverse party, or the money in his hands. And the rights of the parties are the same whether the notice of a lien be given before or after judgment.

The defendant in the action is charged with notice of the lien, and if he settles the judgment he is liable for the fees, in whatever amount may be found to be due. *Winslow v. Railway Co.*, 71 Iowa, 197, 32 N. W. Rep. 330. In this case, as in the case cited, there was a judgment in the district court which was reversed in this court. In the cited case a settlement was made after the reversal, and the fact that there was a judgment in the district court for a certain sum was not considered in fixing the amount of the attorney's fees. It is claimed by counsel for appellant that the court erroneously considered the amount of the judgment in the district court as a basis for the judgment in this case. This is denied by counsel for appellees. We think the position of appellant is well taken. The plaintiffs called four witnesses who testified to the services rendered in recovering the wagon and harness. Three of these witnesses stated that one half of the amount of the judgment would be fair compensation for the services rendered. The other witness stated that three hundred dollars to four hundred dollars would be a proper charge. A witness for the defendant testified that seventy-five dollars would be a fair compensation. The evidence, so far as it related to the claim against Hawley, should have been confined strictly to what was paid in settlement of the case, and without regard to the judgment that had been reversed. It is well known that the amount of the recovery is an important consideration in estimating the proper compensation of attorneys engaged in the prosecution of money demands; and, as we have seen, the settlement of the former suit was made without regard to the amount of the judgment, and, for aught that appears, Verburg received all that was justly due for the claim for conversion of the property.

Appellees presented a motion to dismiss the appeal upon the ground that the notice of appeal was not in

proper form, and to strike from the record the assignment of errors because not filed in time, and it is claimed the assignment of errors is too general and indefinite. The motion is overruled. It does not appear to be well taken. The judgment of the superior court is REVERSED.