96 477
105 732

96 477
e115 471

96 477
138 689

WARD & LAMB, *et al.*, V. ELIZABETH SHERBONDY, *et al.*,
            Appellants.

**Attorney's Lien.** Plaintiffs were the attorneys of a party that recov-
   ered a money judgment. The judgment provided that an inter-
   vener should be first paid out of the judgment. Before said
   judgment was rendered said attorneys wrote into the judgment
   docket that they claimed a lien upon any judgment to be rendered.
   After the judgment was rendered, intervener garnished the judg-
   ment defendant. Later the attorneys served a notice upon the
   garnishee, claiming their lien upon the judgment and upon the
   money in his hands. *Held*, the lien attached from the service of
   said notice only, and the garnishment is superior to it. Code, 215.

**SAME.** The Iowa statute as to attorney's liens is in lieu of the com-
   mon law and fixes the rights of all parties in interest, and an attor-
   ney can have neither a common law nor an equitable lien.

*Appeal from Clay District Court.*—HON. GEORGE H.
                CARR, Judge.

                SATURDAY, DECEMBER 14, 1895.

     Action in equity to restrain the enforcement of a
judgment by execution until the liability of the plaint-
iffs by virtue of certain garnishment proceedings is
determined, and for other relief. Franklin Floete
appeared in the action, and filed therein a petition in
intervention. To that the defendants Elizabeth Sher-
bondy, Milt. H. Allen, C. D. Hendershott, and J. B.
Lewis, sheriff of Clay county, filed a demurrer, which
was overruled. The defendants named refused to
plead further, and judgment having been rendered
against them, they appeal.—*Affirmed.*

     *Allen & Hendershott* for appellants.

     *Cory & Bemis* for intervener appellee.

Robinson, J.—The facts involved in this appeal are substantially as follows: On the twenty-first day of May, 1894, the district court of Clay county rendered a judgment in favor of the defendant Elizabeth Sherbondy, and against the plaintiffs, for the sum of two hundred and ninety dollars and costs. The defendants Allen & Hendershott were her attorneys in the action, and, six days before the judgment was rendered, they wrote in the judgment docket a notice, of which the following is a copy: "Notice is hereby given that we claim an attorney's lien upon any judgment procured by plaintiff in this cause for the sum of $450.00, for services rendered and disbursements in the cause." This was signed by the attorneys. We understand that it was written in the portion of the docket assigned to that cause, and that, when judgment was rendered, the docket entries were completed. The judgment was recovered upon the claim of Elizabeth Sherbondy that she owned and was entitled to the possession of certain personal property that had been taken by the defendant in that action (the plaintiff in this), under and by virtue of certain chattel mortgages, and sold. The property, at the time of taking, was not, and has never been, in the possession of the plaintiffs Ward & Lamb, and that is true of the proceeds of the sale. On the fifteenth day of June, 1894, execution was issued on the judgment in favor of Elizabeth Sherbondy, and placed in the hands of the sheriff for service. He levied it upon certain live stock owned by Ward & Lamb, and advertised it for sale. After the action by Elizabeth Sherbondy was commenced, on the twenty-fourth day of May, 1893, the plaintiffs Ward and Squire were garnished under an execution issued upon a judgment rendered by the district court of Clay county in favor of the intervener, Floete, and against Elizabeth Sherbondy. On the twelfth day of August, 1893, Ward was garnished under an execution

issued on a judgment in favor of Charles McAllister
also against Elizabeth Sherbondy; and on the eight
eenth day of May, 1894, the plaintiffs Ward & Lamb,
Ward, and Squire were garnished under an attach·
ment in favor of M. E. Griffin, and against the same
defendant.   On the twelfth day of June, 1894, Allen
& Hendershott served on the plaintiffs Ward & Squire
a notice in writing, the body of which was as follows:
"You, and each of you, are hereby notified that the
undersigned attorneys of Elizabeth Sherbondy, the
plaintiff in the above entitled cause, claim a lien for
the sum of four hundred and fifty dollars upon any
money in your hands belonging to· the said Elizabeth
Sherbondy, as well as upon the judgment rendered at
the May, 1894, term of the Clay county, Iowa, district
court, against each of you, and in favor of said Eliza-
beth Sherbondy, for professional services actually
rendered the said Elizabeth Sherbondy in said above-
entitled action, under contract of employment with,
and in our capacity as attorneys for said plaintiff."
Prior to the service of that notice none of the plaint-
iffs had any notice or knowledge of the claim for an
attorney's lien, and no notice of it was ever given to
the intervener, nor to Elizabeth Sherbondy.   The
intervener claims a right to the amount which the
plaintiffs owe on the judgment against them, para-
mount to the interests therein of the defendants,
including McAllister and Griffin.   The plaintiffs are
ready to pay the amount they owe, and wish to pre-
vent a sale of their property, but their judgment credit-
ors and·the attorneys who claim the lien are insolvent,
and therefor the plaintiffs desire to· have the rights
of the various claimants of the amount they owe deter-
mined, to the end that they may know to whom pay-
ment should be made.   They have not been required
to answer in any of the garnishment proceedings.   The
effect of the rulings and judgment of the district court

was to require the plaintiffs to pay the intervener, of the money which they owe on the judgment against them, an amount sufficient to satisfy his judgment.

I. The appellants claim that Allen & Hendershott are entitled to a lien by virtue of section 215 of the Code, which is paramount to the rights acquired by the intervener under his garnishment. The section referred to is as follows: "An attorney has a lien for a general balance of compensation upon: (1) Any papers belonging to his client, which have come into his hands in the course of his professional employment. (2) Money in hands belonging to his client. (3) Money due to his client in the hands of the adverse party, or attorney of such party, in an action or proceeding in which the attorney claiming the lien was employed, from the time of giving notice in writing to such adverse party, or attorney of such party, if the money is in the possession or under the control of such attorney, which notice shall state the amount claimed, and, in general terms, for what services. (4) After judgment in any court of record, such notice may be given and the lien made effective against the judgment debtor by entering the same in the judgment docket opposite the entry of the judgment." The first two subdivisions of the section are not applicable to the facts in this case, and nothing is claimed under them. Nor do we understand that anything is, or can be rightfully, claimed by the appellants under the third subdivision. The notice in writing given to the plaintiffs of the claims of the attorneys was served after judgment was rendered, and long after the plaintiffs were garnished by the intervener. It is true the garnishment did not, strictly speaking, create a lien on the money which the plaintiffs were then owing (*Buck-Reiner Co. v. Beatty*, 82 Iowa, 355 (48 N. W. Rep. 96) and cases therein

cited); but it had the effect to make the plaint-
iffs liable to the intervener for so much of the
amount due on the judgment against them as was
required to satisfy his judgment, and the attorneys,
for their judgment creditor, could not acquire a
lien on the amount which the plaintiffs were owing,
excepting subject to their right to pay the inter-
vener. The notice for which the statute provides
is effectual to create an attorney's lien only from the
time it is served or given, and operates to create a lien
on money in the hands of the person who receives it,
subject to prior rights thereto. *Gas Co. v. West,* 50
Iowa, 28; *Tiffany v. Stewart,* 60 Iowa, 210 (14 N. W.
Rep. 241); *Fisher v. City of Oskaloosa,* 28 Iowa, 383;
*Hurst v. Sheets,* 21 Iowa, 506; *Casar v. Sar-
geant,* 7 Iowa, 318. The statute is not extended
by the provisions of the common law, but is in
lieu of them, and fixes the rights of the parties in
interest. *Jennings v. Bacon,* 84 Iowa, 406 (51 N. W.
Rep. 15). It follows that the notice of June 12, 1894,
did not create a lien on the money which the plaintiffs
were owing to Elizabeth Sherbondy superior to the
right thereto of the intervener.

But it is said that the provision for notice is solely
for the benefit of the judgment debtor, and that, until
the rendition of the judgment, third persons must take
notice of the fact that the attorneys have a claim for
the services which they are rendering for the judgment
creditors. The case of *Henry v. Traynor,* (44 N. W. Rep.
(Minn.) 11) is relied upon in support of that claim. The
Minnesota statute under which that decision was ren-
dered prescribes that an attorney shall have a lien
"upon a judgment to the extent of the costs included
therein, or, if there is a special agreement, to the extent
of the compensation specially agreed upon, from the
time of giving notice to the party against whom the
judgment is recovered." Gen. St. 1894, section 6194,

subd. 4. This differs from the statute of this state in providing for a lien upon the judgment, instead of upon money in the possession or under the control of the judgment debtor. *Winslow v. Railway Co.*, 71 Iowa, 199 (32 N. W. Rep. 330). Whether this difference is sufficient to justify different holdings under the two statutes we need not determine. Our decision must be based upon the statute of this state, and upon the decisions of this court, so far as they are relevant. These lead us to conclude that attorneys have no lien under the third and fourth subdivisions of section 215 of the Code until the notices therein contemplated are actually given. The fourth subdivision provides a method for giving the notice to the judgment debtor which is authorized by the preceding subdivision; and conceding, for the purpose of this case, that the entry in the judgment docket involved in the case took effect from the rendition of the judgment, it did not create any right against the plaintiffs superior to that of the intervener.

II. It is insisted that the attorneys in question were entitled to an equitable lien for the services which they rendered their client, which should be enforced against the intervener. We do not think this claim is well founded. The statute provides for the only liens to which an attorney is entitled, and, to obtain them, the requirements of the statute must be observed.

We conclude that the judgment of the district court is right, and it is *affirmed.*