ROBERT P. FOSS v. ALMIRA COBLER AND GEORGE PAUP, Administrator, Appellants.

**Attorneys:** LIEN. An attorney's lien upon moneys and papers for his services is purely possessory, and cannot be actively enforced, but is a mere right to retain the papers until settlement and payment of what is justly due him.

**EMPLOYMENT BY HEIR:** *Parties.* An attorney employed by the sole heir of an intestate to protect her interest in the estate has no lien by virtue of Code, section 321, for services rendered to her, upon funds in his hands belonging to the estate, as the administrator and not the heir has the right to the possession of the fund, and because a lien may be had upon funds of the estate for services rendered the administrator. And, hence, the administrator is not a proper party to a suit against the heir for services in protecting her interests in the estate, in which a lien is sought on such fund.

**Equitable Assignment.** An equitable assignment *in toto* or *pro tanto* of a fund in the hands of an attorney, belonging to the estate is not effected by a letter from the sole heir directing him to protect her interest in the estate and pay himself out of the money in his hands. It amounts to no more than an agreement that the attorney shall be paid out of the funds in his hands.

Change of Place of Trial: WAIVER  Defendant does not waive the overruling of a motion to change the venue to the county of her residence by answering the petition.

*Appeal from Shelby District Court.*—Hon. W. I. Smith, Judge.

Tuesday, May 24, 1898.

Jasper Robertson left in the keeping of plaintiff certain notes and accounts. He was murdered in 1889, and George Paup appointed administrator of his estate. The defendant Almira Cobler is his mother and sole heir. In 1890 she employed the plaintiff to resist an application for the appointment of one Laraway as administrator, and to protect her interests in general. The plaintiff asks to be allowed five hundred dollars for his services, and that this be established as a lien against the property in his hands at the time of his employment. Decree was entered substantially as prayed, and the defendants appeal.—*Reversed*.

*Thos. H. Smith* and *Wm. McNett* for appellants.

*D. O. Stuart* for appellee.

Ladd, J.—Before Jasper Robertson left Harlan, in 1889, he deposited with the plaintiff for safe-keeping certain notes, amounting in value to six hundred and eighty-six dollars, and never returned. Subsequently, in 1891, his body was found, and J. K. Cumberland convicted of having murdered him. See *State v. Cumberland*, 90 Iowa, 525. After some correspondence, Mrs. Cobbler, the mother and sole heir of Jasper, wrote the plaintiff a letter, the material part of which is as follows: "Now, Mr. Foss, I want you to take the case in your own hands, and do the best you can for me, and pay yourself out of the money you have in your own hands. If the money

you have got in yours can't be used to pay expenses, the case will have to be dropped; but I want you to do the best you can for me, and, if anyone undertakes to take the advantage of us, I want you to prevent them from so doing, if you possibly can, for there is not any one that has a just right to anything you have got in your hands, except myself and my half-brother, John Robertson, in Wyoming. Please do write to me, and give me all the information you can concerning our business at Harlan, for I feel very anxious and distressed over the matter." On the strength of this letter, the plaintiff successfully resisted the application to have one Laraway appointed administrator of Jasper's estate, and, as incident to his employment found it necessary to pursue and bring his slayer to justice. For the services so rendered, he asks that a lien be established on the fund in the hands of the administrator derived from the notes referred to, and that the administrator be directed to pay him therefrom.

With this preliminary statement, we may now consider the motion filed by each party to strike from the petition the averments relating to the administor. It is quite evident that, unless the plaintiff acquired some lien on the funds in his hands, these motions should have been sustained; for, without the lien, his action is purely personal against Mrs. Cobler, with which neither the administrator nor the estate is concerned. If he acquired a lien, however, the administrator is a necessary party, as he has the property sought to be charged, and to him, rather than to Mrs. Cobler, the orders of the court must be directed. If a lien exists, it must be by virtue of an equitable assignment or of the general employment as attorney. The doctrine of an equitable assignment is thus stated by Mr. Pomeroy: "In order that the doctrine may apply, and that there

may be an equitable assignment creating an equitable property, there must be a specified fund, sum of money, or debt actually existing, or to become so *in futuro*, upon which the assignment may operate; and the agreement, direction for payment, or order, must be, in effect, an assignment of that fund, or some definite portion of it. The sure criterion is whether the order or direction to the drawee, if assented to by him, would create an absolute personal indebtedness, payable by him at all events, or whether it creates an obligation only to make payment out of the particular designated fund. The agreement, direction or order being treated in equity as an assignment, it is not necessary that the entire fund or debt should be assigned. The same doctrine applies to an equitable assignment of any definite part of a particular fund." 3 Pomeroy Equity Jurisprudence, section 1280. To the same effect, but more explicit as applied to the case before us, is this language from *Christmas v. Gaines*, 14 Wall., 69: "An agreement to pay out of a particular fund, however clear its terms, is not an equitable assignment. A covenant in the most solemn form has no greater effect. The phraseology employed is not material, provided the intent to transfer is manifest. Such an intent and its execution are indispensable. The assignor must not retain any control over the fund,—any authority to collect or any power of revocation. If he does, it is fatal to the claims of the assignee. The transfer must be of such a character that the fundholder can safely pay, and is compellable to do so, though forbidden by the assignor." See, also, *Harris County v. Campbell*, 68 Tex. Sup. 22, 2 Am. St. Rep., 467, and extended note (s. c. 3 S. W. Rep., 243); *Field v. Mayor*, etc., 57 Am. Dec. 434, and note; *Stott v. Franey*, 20 Or. 410, 26 Pac. Rep., 271; *McWilliams v. Webb*, 32 Iowa, 577. The letter in this case does not constitute an assignment or transfer of

any sum *pro tanto*, but amounts to an agreement only that Foss shall be paid out of moneys on hand. With the most favorable construction possible, it does not come within the recognized definitions of an equitable assignment. See, *Trist v. Child*, 21 Wall. 441.

II. Did the plaintiff acquire a lien by virtue of his general employment and the services rendered thereunder as an attorney? The lien to which an attorney is entitled is fixed by section 321 of the Code. This is a substantial enactment of the common law with the requirement concerning notice added. *Jennings v. Bacon*, 84 Iowa, 403. The lien attaches to any papers and money belonging to the client which have come into his hands in the course of his professional employment. Whether an arrangement to compensate an attorney out of the judgment obtained operates as an equitable assignment to the extent of the amount due him is not pertinent to this inquiry. But see *Ward v. Sherbondy*, 96 Iowa, 477; *Andrews v. Morse*, 31 Am. Dec. 752; *Weeks v. Wayne Circuit Judges*, 73 Mich. 256; (41 N. W. Rep. 269). The obstacles to the lien in this case seem insurmountable. While the title to the papers of Jasper vested in Mrs. Cobler upon his death, *Christie v. Railroad Co.*, 104 Iowa, 707, it was subject to administration, and only through distribution or the expiration of the statute of limitations could her interest therein be definitely ascertained. *Phinny v. Warren*, 52 Iowa, 332. She could not maintain an action for or on the notes, nor could she make any binding contract concerning the amount to be collected thereon. The legal representative has the right of possession of all personal property owned by the deceased, and this cannot be limited by contracts of or liens created by the heirs, nor can he be required oy the heirs to satisfy the debts of the decedent out of one portion of the personal estate rather than another. As the heir has neither the right of possession of the

papers and money of the deceased, nor an ascertained and certain interest therein, he cannot confer upon an attorney, by employment, a lien which is possessory in character. The fact that a lien may exist on property of an estate in pursuance of services rendered an administrator seems conclusive on this proposition. While the interest of such an officer is that of trustee, it is coupled with the right of possession. Besides, if the lien existed, it was purely possessory, and cannot be actively enforced. It was a mere right to retain the papers until settlement and payment of what was justly due the attorney. *Stewart v. Flowers*, 7 Am. Rep. 707; *Nichols v. Pool*, 89 Ill. 491; *Dubois' Appeal*, 38 Pa. St. 231, 80 Am. Dec. 478 and note; *McDonald v. Railroad Co.*, 93 Tenn. 281, (24 S. W. Rep. 252); 3 Am. & Eng. Enc. Law, 459, 464. If the client is not content with the charge, the statute affords him suitable relief, and any dispute may be adjusted in a suit on the bond executed. Code, Section 322.

III. It follows from what has been said that the plaintiff had no cause of action against the administrator, and that the motion to strike the averments relating to him ought to have been sustained. Mrs. Cobler filed a motion for change of venue, supported by an affidavit to the effect that she was a resident of Wapello county when this action was begun, and had been since. This motion should have been sustained. The contention of the appellee that, by answering, she waived any error in overruling her motion, is without merit. *Kelley v. Cosgrove*, 83 Iowa, 229. There was no waiver. *Kell v. Lund*, 99 Iowa, 153; *Allerton v. Eldridge*, 56 Iowa, 709; *McCracken v. Webb*, 36 Iowa, 551; *Jones v. Railway Co.*, 36 Iowa, 68 *Horak v. Horak*, 68 Iowa, 49.—REVERSED.