### BROWN v. MORGAN et al.

#### (Circuit Court, N. D. Iowa, W. D.    August 15, 1908.)

#### No. 281.

1. ATTORNEY AND CLIENT—ATTORNEY'S LIEN ON JUDGMENT FOR SERVICES.

An attorney has a lien at common law upon a judgment recovered by him in favor of his client for the amount of his fee and disbursements in the cause, and the Iowa statute (Code, § 321) specifically giving such lien, as construed by the Supreme Court of the state, is merely declaratory of the common law with an additional provision for giving notice of lien by an entry in the judgment docket.

2. SAME—SUIT TO ENFORCE LIEN.

An attorney who has recovered a judgment in favor of his client in a federal court in Iowa, and entered notice of a lien on such judgment on the docket in conformity to the state statute, may maintain a suit in equity in such court against the parties to the judgment to enforce his lien.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 426.]

3. COURTS—JURISDICTION OF FEDERAL COURT—ANCILLARY SUIT.

Such suit is ancillary to the original suit and within the jurisdiction of the court, without regard to the amount involved or the citizenship of the parties.

[Ed. Note.—Supplementary and ancillary proceedings and relief in federal courts, see note to Toledo, St. L. & K. C. R. Co. v. Continental Trust Co., 36 C. C. A. 195.]

In Equity.  On demurrer to bill.

The bill alleges: That in March, 1901, the defendant Morgan employed the complainant, who was then and is now an attorney and counselor of

this court, to prosecute a suit in equity against the defendants school districts, to recover of them some $8,000 upon certain bonds issued by said districts; that complainant, pursuant to such employment, brought suit in this court in behalf of defendant Morgan and prosecuted the same to final judgment or decree, whereby the defendant Morgan recovered judgment against said school districts December 31, 1902, in the sum of $5,601 and costs; that complainant thereafter entered, in the proper judgment docket opposite the entry of judgment, notice of a lien upon the amount owing by the school districts upon such judgment to the defendant Morgan in the sum of $2,200 for his services in procuring such judgment, as authorized by the statute of Iowa; that partial payments have been made upon his said claim and lien, but that there is still due and owing him from the defendant Morgan for his services in such proceedings of principal and interest the sum of $1,044. And the prayer of the bill is that complainant's lien for his services in behalf of the defendant Morgan in said suit be established for said amount, and that the same be enforced against said judgment and the school districts by proper orders or process of this court. The bill also alleges that complainant is a citizen of Iowa, that the defendant Morgan is a citizen of South Dakota, and the several school districts school corporations existing under the laws of Iowa. The defendant Morgan appears generally and demurs to the bill for want of equity, and also upon the ground that the court is without jurisdiction because the school districts are corporations of the state of Iowa and citizens of the same state as complainant, and that the amount now owing to complainant is insufficient to confer jurisdiction upon this court.

P. A. Swayer and R. H. Brown, for complainant.
O. J. Taylor and J. W. Hallam, for defendants.

REED, District Judge (after stating the facts as above). If this suit is to be regarded as an entirely new or original suit, the jurisdiction of this court must fail, because the amount involved, exclusive of interest and costs and the citizenship of the parties, are such that it may not rightly be prosecuted in this court. But is it an original suit with reference to the line which separates the jurisdiction of the federal courts from that of the state courts, or does it belong to that class of suits which are ancillary or auxiliary to a prior suit, either for the enforcement of the judgment or decree in the prior suit, or to protect the rights of third parties which arise or grow out of the prior proceedings? If it is of the latter class, the citizenship of the parties, or the amount involved, is immaterial, for the jurisdiction rests upon and is supported by that of the prior suit. Minnesota Co. v. St. Paul Co., 2 Wall. 609, 17 L. Ed. 886; Freeman v. Howe, 24 How. 450, 16 L. Ed. 749; Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27, 28 L. Ed. 145; Julian v. Central Trust Co., 193 U. S. 93, 24 Sup. Ct. 399, 48 L. Ed. 629.

It is true that in these cases the money or property sought to be recovered by, or impressed with some equity in favor of a third party was in the registry of the court, or in its custody, through its marshal or receiver, and if, in this instance, the school districts had paid the amount of the judgment against them into court, there would be no doubt that complainant could by proper proceedings in that suit have required that his lien for services be satisfied therefrom. The fact that it has not been paid into court is not important, for the judgment is within the control of the court, and the amount due thereon is potentially within its control for the purpose of distribution by it

when paid to whomever it rightfully belongs. Hatcher v. Hendrie, 133 Fed. 267, 68 C. C. A. 19.

The principle upon which the cited cases rest seems equally applicable where the subject-matter of the controversy is embraced within, or arises out of, the controversy in the prior suit. Root v. Woolworth, 150 U. S. 401, 14 Sup. Ct. 136, 37 L. Ed. 1123. Lamb v. Ewing, 54 Fed. 269, 4 C. C. A. 320; Hatcher v. Hendrie, 133 Fed. 267, 68 C. C. A. 19.

In Minnesota Co. v. St. Paul Co., above, Mr. Justice Miller, at page 633, 2 Wall. (17 L. Ed. 886), said:

"It is objected that the present bill is called a supplemental bill, and is brought by a defendant in the original suit, which is said to be a violation of the rules of equity pleading, and that the subject-matter and the new parties made by the bill are not such as can properly be brought before the court by that class of bills. But we think that the question is, not whether the proceeding is supplemental and ancillary, or is independent and original in the sense of the rules of equity pleading, but whether it is supplemental and ancillary or is to be considered entirely new and original in the sense which this court has sanctioned with reference to the line which divides the jurisdiction of the federal courts from that of the state courts. No one, for instance, would hesitate to say that, according to the English chancery practice, a bill to enjoin a judgment at law is an original bill in the chancery sense of the word. Yet this court has decided many times that when a bill is filed in the Circuit Court, to enjoin a judgment of that court, it is not to be considered as an original bill, but as a continuation of the proceeding at law, so much so that the court will proceed in the injunction suit without actual service of subpœna on the defendant, and though he be a citizen of another state, if he were a party to the judgment at law."

Lamb v. Ewing, 54 Fed. 269, 4 C. C. A. 320, was a new action brought in a Circuit Court of the United States upon a bond given in a prior action in the same court between other parties. It was objected to the jurisdiction that the amount involved, being less than $2,000, was not sufficient to confer jurisdiction upon the Circuit Court. It was held by the Court of Appeals, this circuit, upon the question of jurisdiction, that the action was but a continuation of the prior one, and that a third party whose rights arose out of the prior proceedings could maintain an action in the same court for the protection of those rights, regardless of the amount involved or the citizenship of the parties. See, also, 1 Bates, Fed. Eq. § 97, as to when suits will be regarded as ancillary or auxiliary to a prior suit.

The jurisdiction of this court over the subject-matter and of the parties in the prior suit of the defendant Morgan against the school districts is unquestioned, and the judgment recovered by Morgan in that suit is the result of the efforts of the complainant as his counsel. Upon such a judgment the attorney recovering it, under the later common law at least, would have a lien for the value of his services and disbursements in procuring the same. The origin of such lien may be somewhat obscure, but it seems to have arisen by analogy to other cases of lien. Cowell v. Simpson, 16 Vesey, 275, and note. That it existed is certain. Ex parte Price, 2 Vesey, Sr. 407; Welsh v. Hole, 1 Doug. 238; Read v. Dupper, 6 T. R. 366; Stevenson v. Blakelock, 1 Maule & S. 535.

In Welsh v. Hole, 1 Doug. 238, Lord Mansfield said:

"An attorney has a lien on the money recovered by his client for his bill of costs. If the money came to his hands, he may retain it to the amount of his bill. He may stop it in transit if he can lay hold of it. If he apply to the courts, they will prevent its being paid over until his demand is satisfied. I am inclined to go still further and hold that, if an attorney give notice to the defendant not to pay till his bill shall be discharged, a payment by the defendant after such notice would be in his own wrong, and like paying a debt which has been assigned, after notice."

In Read v. Dupper, 6 Term R. 366, Lord Kenyon held that a party should not be permitted to run away with the fruits of a cause without satisfying the legal demands of his attorney by whose industry, and in many instances at whose expense, those fruits were obtained.

Such was the settled practice of the English courts, and the rule in this country is the same, though in some of the states it is modified by statute. Jennings v. Bacon, 84 Iowa, 403, 51 N. W. 15; Martin v. Hawks, 15 Johns. (N. Y.) 405; Rooney v. Railroad Co., 18 N. Y. 368; Andrews v. Morse, 12 Conn. 444, 31 Am. Dec. 752, and note; Weeks v. Wayne Circuit Judges, 73 Mich. 256, 41 N. W. 269; In re Wilson & Grieg (D. C.) 12 Fed. 235; National Bank v. Eyre (C. C.) 3 McCrary, 175, 8 Fed. 733.

In Rooney v. Second Avenue Railroad Co., 18 N. Y. 368, it is held that before the Code nothing was better settled than that an attorney had a lien upon the judgment recovered by him for his services, that the measure of those services was the taxable costs recovered in the action, and to that extent the attorney was regarded as the equitable assignee of the judgment; but because the judgment had been recovered through the instrumentality of the attorney, and his money and labor and talents had been expended for that purpose, the courts have declared that he shall have a lien upon it to the extent of his claim against his client, and that such lien is unaffected by the Code. That stands as it did before. See, also, Marshall v. Meech, 51 N. Y. 140, 10 Am. Rep. 572; Matter of Knapp, 85 N. Y. 284.

The rule is not changed by the Iowa statute. The Code of 1897 of that state provides:

"Sec. 321. An attorney has a lien for general balance of compensation upon: (1) Any papers belonging to his client which have come into his hands in the course of his professional employment. (2) Money in his hands belonging to his client. (3) Money due his client in the hands of the adverse party, or attorney of such party, in an action or proceeding in which the attorney claiming the lien was employed, from the time of giving notice in writing to such adverse party, or attorney of such party, if the money is in the possession or under the control of such attorney, which notice shall state the amount claimed, and, in general terms, for what services. (4) After judgment in any court of record, such notice may be given, and the lien made effective against the judgment debtor, by entering the same in the judgment or combination docket opposite the entry of the judgment."

In Jennings v. Bacon, 84 Iowa, 403, 51 N. W. 15, and other cases, the Supreme Court of that state holds that this statute is but declaratory of the common law, and is a substantial enactment thereof; that it omits no part thereof, and adds nothing thereto, except the provision for giving notice to be entered on the judgment docket. In other cases that court holds that, where the notice is given by en-

tering it upon the judgment docket, a subsequent reversal of the judgment does not discharge the notice, and it is sufficient to protect the lien, though the cause of action is settled by the parties, or another judgment is recovered in another court by another attorney engaged to prosecute the action. Winslow v. Railroad Co., 71 Iowa, 197, 32 N. W. 330; Gibson v. Railroad Co., 122 Iowa, 565, 98 N. W. 474; Parsons v. Hawley, 92 Iowa, 175, 60 N. W. 520.

It is true that in some of these cases it is said the lien under the statute is not upon the judgment, but upon the amount owing by the adverse party, and such is the language of the statute; but this is said in those cases where it was sought to fix the amount due the attorney from the amount of the judgment, or where it was sought to escape from the lien because the judgment had been reversed, and notice of the lien, as entered upon the judgment docket, was claimed upon the judgment. The Supreme Court of the state, however, has uniformly sustained the lien when notice thereof has been given by entry upon the judgment docket, notwithstanding the judgment may have been subsequently reversed, and the lien under the statute is only upon the money due from the adverse party.

The statute secures the lien to the attorney, and complainant has given notice of his lien in the manner required by that statute. The statute does not provide how the lien shall be enforced, and the procedure does not seem to be very well settled; but the Supreme Court of the state has held that, as to money due upon the judgment, it may be by a suit in equity, as other liens may be. Crissman v. McDuff, 114 Iowa, 83, 86 N. W. 50; Hubbard v. Ellithorpe (Iowa) 112 N. W. 796. When an attorney entitled to a lien obtains possession of papers belonging to his client, or collects money due him from the adverse party, he may retain the papers or money until his compensation is paid or satisfied, and he cannot be required to surrender either until he is paid. Foss v. Cobler, 105 Iowa, 728, 75 N. W. 516; Wylie v. Coxe, 15 How. 415, 14 L. Ed. 753; In re Paschal, 10 Wall. 483, 19 L. Ed. 992; McPherson v. Cox, 96 U. S. 404, 24 L. Ed. 746. In fact, the right to retain in such case seems to be his only protection. Foss v. Cobler, above. But if the attorney is to be regarded either as the equitable assignee of the judgment to the extent of the amount of his unpaid compensation for recovering the same, or as the equitable owner to the extent of his lien, of the amount evidenced by the judgment in either case the judgment creditor is a trustee of the attorney to that extent, and equity is the proper forum in which to enforce the lien. It may be that he could recover the amount due him in a law action against the judgment debtor. If so, that debtor would be entitled to have the amount paid by him credited upon the former judgment. It is entirely regular therefore that the attorney should apply to the court in which the judgment is recovered for the protection and enforcement of his rights therein, or his lien upon the amount due thereon from the judgment debtor. Possibly, it might be done in a more summary manner than by an ordinary suit in equity, but it is no objection that relief is sought in that manner wherein the rights of all parties may be fully protected. Hubbard v. Ellithorpe (Iowa) 112 N. W. 796; McPherson v. Cox, 96 U. S. 404, 24 L. Ed. 746, above.

The case is unlike that of Wolfe v. Lewis, 19 How. 280, 15 L. Ed. 613, where an attorney recovered a decree of foreclosure of a mortgage for his client, the amount of which was paid into court by the defendant without a sale of the premises. The attorney thereupon procured an order for his dismissal as attorney from the case, that he might. bring up a general account against the client for services in other matters in no way connected with the foreclosure suit, and the matter of such account was referred to a master in the foreclosure proceeding. This was done without notice to the client, and a large amount was awarded to the attorney out of the proceeds realized by the foreclosure for services in no wise connected with that suit. Held, that the proceeding was wholly unauthorized and should not have been sanctioned by the court.

In Cain v. Hockensmith Co. (C. C.) 157 Fed. 992, the debt had been attached before the attorney was employed to collect it. Held, that his lien was subordinate to that of the attachment.

The general appearance of the defendant waives any defects in the service of the subpœna, if any there be.

The demurrer to the bill is therefore overruled, with leave to the defendants to answer by the September rules.

It is ordered accordingly.