**BUCHNER et al. v. METAL STAMPING CO.**

District Court, E. D. New York. December 27, 1926.

No. 2462.

1. Attorney and client ⬅190(3)—Settlement and discontinuance of action held not to preclude suit to enforce lien of defendant's attorneys, who interposed answer containing counterclaim (Judiciary Law N. Y. § 475).

Settlement and discontinuance of suit did not constitute waiver of attorney's lien by defendant's attorneys, so as to preclude suit to enforce it, where they were retained and interposed answer containing counterclaim before settlement, in view of Judiciary Law N. Y. (Consol. Laws, c. 30) § 475.

19 F.(2d)—34

2. Courts ⬅264(2)—Federal District Court's jurisdiction of attorney's suit to enforce lien for services rendered in action therein does not depend on diversity of citizenship.

United States District Court has jurisdiction of action to enforce attorney's lien for services, on ground that such services were performed in action in such court, and that client acquired something of value in settlement, and does not depend on diversity of citizenship.

In Equity. Suit by Charles Buchner and another against the Metal Stamping Company. On defendant's motion for an order granting judgment, ·dismissing the complaint. Motion denied.

Frederick Gross, of Brooklyn, N. Y., for plaintiffs.

Rothwell, Harper & Matthews, of New York City, for defendant.

MOSCOWITZ, District Judge. This is a motion by the defendant for an order granting a judgment dismissing the complaint herein, on the grounds that the complaint fails to state grounds on which the court's jurisdiction depends, and that the court has no jurisdiction of the subject-matter.

The complaint alleges that the plaintiffs were and' are attorneys and counselors at law, practicing their profession and residing in the borough of Brooklyn, city of New York, and that the defendant is a corporation organized and existing under the laws of the state of New York, with its principal place of business at Long Island City, county of Queens, and within the jurisdiction of this court.

The plaintiffs seek to recover $15,000 as attorney's lien for services alleged to have been performed in an action in this court, commenced on or about April 25, 1925, in which George Albert Lyon and Alexander Wilson, Jr., were plaintiffs, and the defendant herein was the defendant.

The complaint alleges that the plaintiffs were retained as attorneys for the defendant in said action, and interposed an answer containing counterclaims in behalf of said defendant, and that on or about November 30, 1925, a settlement was had, by which the defendant acquired rights and received substantial benefits and things of value pursuant to said settlement, and that said action was discontinued.

Section 475 of the Judiciary Law of the state of New York (Consol. Laws N. Y. c. 30) is as follows:

"From the commencement of an action or special proceeding, or the service of an an-

swer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosoever's hands they may come; and the lien cannot be effected by any settlement between the parties before or after judgment or final order. The court upon the petition of the client or attorney may determine and enforce the lien."

[1] The settlement of the action and the discontinuance of same did not constitute a waiver of the attorney's lien.

[2] The jurisdiction of this action does not depend upon diversity of citizenship, but rests upon the ground that the attorneys performed services for the defendant in an action in this court, and in the settlement of which action the defendant acquired something of value. Brown v. Morgan (C. C.) 163 F. 395.

Motion denied. Settle order on notice.