McDonald v. Chicago and Northwestern Railroad Company.

---

## McDonald v. The Chicago & Northwestern Railroad Company.

**1. Practice:** IMPERFECT RECORD. Where it appears from the record that a certain motion was made in, and overruled by, the court below, its action will not be reviewed when the motion is not embraced in the transcript.

**2. Railroad:** STATION ACCOMMODATIONS: EVIDENCE. In an action against a railroad company to recover for injuries alleged to have been occasioned by defective steps in the end of a platform, beyond which the train had been backed during a stop for supper, and which the plaintiff was descending to enter the car, evidence that the passenger room was filled with tobacco smoke, crowded and offensive, was held admissible as a part of the transaction and as tending to show that plaintiff was justified in leaving the room and seeking the cars before the train had returned in front thereof.

**3.** —— It was also held that evidence tending to show that passengers to and from another railroad usually passed over these steps, was admissible to show that plaintiff, when injured, was not endeavoring to enter the cars by a dangerous and unfrequented place.

4. **Champerty:** ATTORNEY AND CLIENT. An agreement between an attorney and his client that the attorney shall receive as a contingent fee à certain portion of the amount recovered against the other party, is not void as being champertous. The case of *Boardman & Brown* v. *Thompson,* 25 Iowa, 487, distinguished from the present one.

5. **Railroad:** DUTY TO PROVIDE STATION ACCOMMODATIONS. The rules governing railroad companies as to their duty in providing proper station accommodations, and their liability for injuries resulting from their failure so to do, as declared in this case on the former appeal (26 Iowa, 124), followed and approved.

### *Appeal from Linn Circuit Court.*

### FRIDAY, JULY 22.

THE facts of this case are, in every essential respect, as when it was before us on the former appeal (26 Iowa, 124). It is brought to recover damages sustained by the plaintiffs (to the wife) on account of the alleged unsafe condition of the steps leading to and from the platform at defendant's depot, at Cedar Rapids, whereby she was thrown to the ground, her ankle-bone broken, and she otherwise injured. On the first trial plaintiffs recovered $2,000. This judgment was reversed, because of erroneous instructions. Upon the second trial, the judgment was $2,400, and defendant again appeals.

*E. S. Bailey* and *N. M. Hubbard* for the appellants.

*T. Corbett* and *E. Latham* for the appellees.

WRIGHT, J.—I. It is first urged that the court erred in overruling defendant's motion to redivide the petition and
1. PRACTICE: elect upon which of the causes of action plainimperfect
record. tiffs would stand, and to strike out the other. As to this, it is sufficient to say, that it appears that the court overruled a motion to "redivide the *first count* of the petition," but no such motion appears in the record.

A previous motion to redivide and elect (when the petition contained two counts) was made, and the record recites.that one to strike out certain parts of the petition was sustained, and leave taken to amend. After this (and when but one count remained) we have no knowledge what motion was made, nor what the court overruled. It would not be difficut, in our opinion, to put this ruling, affirming the action of the court below.as to this part of the case, upon other grounds, but this is sufficient, and others need not be considered.

II. The testimony discloses that the passenger room at the depot was full of tobacco smoke ; that lager beer, cakes, pies and ale, were kept and sold there ; that it was crowded, and there was great difficulty in obtaining seats ; that when the train arrived from the west plaintiffs left the room, intending at once to take the cars, but as they were about to .step upon the train, the word was given, " twenty minutes for supper," and the train at once moved back some distance (one witness makes the nearest car a few feet, others sixty feet or more), west of the platform. After some talk as to the condition of the room, its offensiveness and want of comfort, and the cold outside (it was January 3, 1867), it was determined to walk back to and get in the cars. While making the effort the accident occurred. All testimony as to the condition of the passenger room was objected to as being irrelevant and incompetent under the pleadings ; and the overruling of this objection presents the second question for our consideration.

The argument is, that plaintiffs sue for breach of duty in " neglecting to properly construct and repair the platform and steps," and not for failure to provide a suitable room for passengers ; that the petition alleges one specific act of negligence, and plaintiffs were allowed to prove another.

2. RAILROAD: station accommodations: evidence.

This point was substantially overruled on the former appeal. The testimony was eminently proper as a part of the transaction, and as tending to show plaintiffs' justification for leaving the room and seeking the cars.

Its effect, and what, as a matter of law, plaintiff might seek to do in consequence of being literally driven out of the room, was very fairly and guardedly stated to the jury in the instructions.

III. Defendant objected to the testimony tending to show that passengers to and from another depot (Dubuque & S. W.) usually passed over these steps. And here the argument of irrelevancy and immateriality is, that plaintiffs could only insist that the station and its appurtenances should be such as to enable them to go safely from the platform to the cars, and that the company did not owe to them the duty of keeping the route to another depot in a good condition.

This testimony, however, was not amitted for any such purpose. The real and legitimate object was to show that these steps were a part of the walk or way between the two depots, and hence that plaintiffs were not seeking the cars by an untraveled, unused, or inappropriate route. The question was, assuming that plaintiffs were justified in endeavoring to seek the cars, did they attempt to do so by an unused, dangerous, and unfrequented way ? To show that they did not, they could prove that these steps were a part of the platform and the appurtenances of the depot ; that whether for the purpose of going to and from another depot, or for other purposes, they were used, and that, being in the direct route to the cars, plaintiffs were hence not negligent in attempteng to descend them.

IV. It is claimed in the answer that plaintiffs entered into a champertous agreement with one of their attor-

**4. CHAMPERTY:** *attorney and client* neys to institute and carry on this action, and that, this being shown, there can be no recovery. The fourth, fifth and sixth assignments of error relate to the action of the court in receiving evidence, and giving and refusing instructions upon this subject. In further explanation, it is proper to state that the attorney made a statement of the agreement with his clients, and, upon cross-examination by defendant, he disclosed that their agreement was evidenced by certain correspondence, and this not being produced, defendant moved to exclude all that he said; and because the court refused to do this, it is claimed there was error.

All of this part of the case we dispose of by the single remark, that, with or without the rejected testimony, there was no semblance of foundation for the position that this transaction was tainted with champerty. The case in its facts falls very far short of *Boardman & Brown* v. *Thompson*, 25 Iowa, 487, upon which defendant relies. Here the attorney merely contracted for a contingent fee, and there was no agreement as to the expenses, nor as to settlement, nor any of those objectionable matters pointed out in the case cited, and upon which the opinion, holding the contract void, is entirely based.

V. The defendant asked fifteen instructions, and all were refused, the court giving sixteen in chief. It is **5. RAILROAD:** *duty to provide station accommodations.* now insisted that there was error in refusing those asked, and in all those given except the first, second and sixteenth.

We have read and re-read these instructions, compared them very carefully and more than once with the very full opinion of this court upon the former appeal (the opinion being prepared by the then Ch. J. DILLON), and are unable to see any departure, in the action of the court, from the law as there announced, or any ground for concluding that the court, in giving or refusing instruc-

McDonald v. Chicago and Northwestern Railroad Company.

tions, committed the least error, to defendant's prejudice. The case was before very carefully considered ; it involved questions somewhat new to this state ; it had to be reversed ; it was important to the parties ; and the opinion was hence so prepared that the parties should have, as far as possible, a clear pathway upon the retrial. As already suggested, the testimony is in no sense materially different from that of the first trial. The court below seems, with fidelity, to have followed the rules given by this court, and it would be strange indeed, if these rules contain the law, that there should be error in the manner of putting the case to the jury. The instructions asked were either given by the court in its own instructions or properly refused, because of inapplicability or conflict with the law as before settled by us. The correctness of the former opinion, we do not understand to be now questioned. Under these circumstances we shall not discuss these numerous and very lengthy instructions. To take them in their order, and show how entirely the law has been followed, as heretofore given for the court's guide, is quite unnecessary.

VI. It is urged that the verdict is against the evidence and excessive. We do not think so. In a case of this kind, with two concurring verdicts, before different judges —the second verdict in excess of the first—we should require, certainly, a very clear case of bias, prejudice or departure from the evidence to warrant our interference. Such a case is not before us.

Affirmed.