# QUARTER SESSIONS OF LACKAWANNA CO

### IN RE APPOINTMENT OF ROARING BROOK TOWNSHIP OFFICERS.

Township officers appointed by the court may be removed by the court; and it is not necessary that a writ of quo warranto should issue to test their title.

Rule to show cause why the officers elected should not be allowed to qualify, and the appointments made on the 10th of April, revoked.

Opinion by HANDLEY, P. J.

The qualified electors of Roaring Brook Township

elected, at the proper time and place, the township officers at the last spring election. Subsequent to the election, five citizens of said township petitioned the court for the appointment of Supervisors, Overseers of the Poor and Township Treasurer. This because the persons elected to fill said offices failed to file bonds within one month after the election.

On the 10th day of April, 1879, the court, in pursuance of said petition, appointed persons to fill the offices aforesaid. The application to revoke these appointments is based upon the petition of about all of the prominent citizens and tax-payers of Roaring Brook.

It is contended by the counsel for the officers appointed, that the remedy to test the right of a borough officer to exercise his official duties, is a remedy at law by quo warranto, and hence these parties must now resort to that writ, to test the right of the persons appointed by the court, and hold and enjoy these several offices. This is not correct. The writ of quo warranto is the proper remedy to test the title of a public official. But when the person in office is simply holding by appointment from the court, such official may be displaced for cause, without resorting to this writ.

Whether the gentleman elected really desire to assume the duties of their several offices, we are unable to say. But we will give them an opportunity to do so.

The officers elected by the people are directed to qualify within ten days from the filing of this opinion, and thereupon this rule is made absolute, otherwise the rule is discharged.    ...

The Supreme Court of Iowa, in Adye vs. Hanna, 47 Iowa, 264, held, that an agreement by an attorney to pay any judgment that should be finally rendered against his client in a certain suit, in consideration that the latter would appeal the case and pay the attorney a fee for conducting the same, was void as against public policy, and could not be enforced by either attorney or client.