# JEWEL v. NEIDY.

1. **Champerty.**: AGREEMENT FOR CONTINGENT FEE IS NOT. To constitute champerty, there must be an agreement on the part of the champertor to carry on the party's suit at his own expense, as well as for a share of the thing or money to be recovered. An agreement on the part of an attorney for a contingent fee is not such an agreement.

2. ————: NOT TO BE PRESUMED. Making a champertous contract is an act of moral turpitude, which a court would not be justified in finding from words or circumstances equally consistent with innocence. The facts of this case reviewed, and *held* not to warrant the conclusion that plaintiff was guilty of champerty.·

*Appeal from Buchanan District Court.*

WEDNESDAY, JUNE 13.

THE plaintiff is an attorney-at-law, and brings this action in equity against the defendant, Nancy Neidy, to recover for professional services, and to enforce an attorney's lien. The defendant denies any employment of the plaintiff. As an independent defense, she avers that the contract under which he was employed was champertous.

The court found for the defendant, and dismissed the plaintiff's petition. He appeals.

*Jewel & Shellito*, for appellant.

*Holman & Newman*, for appellee.

ADAMS, J.—The case in some respects is a peculiar one. The defendant, Neidy, and one Diehl, were each the owner of one-fourth of the estate of one Wilson, deceased. Diehl had conceived the idea that the administrator, one Miller, had not properly accounted. He accordingly employed the plaintiff, Jewel, as an attorney to contest the settlement of the administrator's account. It appears that the account had previously been referred to a referee who had reported thereon, but the report was not satisfactory to Diehl, and he had filed

exceptions. The expectation was that, if the administrator could be held to a proper accounting, there would be a larger sum for distribution ·than he was willing to admit, or had been found, and that the contest which was being made by Diehl would result in a benefit to all the distributees, including the defendant, Neidy. The amount in controversy does not appear, but the estate was a very considerable one, and we infer that the administrator's account was voluminous. Diehl and Jewel very naturally applied to the defendant to know what she was willing to give as an attorney's fee. As to what transpired, the evidence is conflicting. According to her testimony, they offered to contest the account for half of what they could obtain for her, but she refused to give anything. In this she is corroborated by her husband. But we have reached the conclusion, upon a separate reading of the evidence, that, while she refused at first, she afterward assented, or authorized her husband to act for her, and that he assented. The contract, then, appears to have been that the plaintiff and Diehl were to have one-half of what they could obtain for the defendant. After the services had been performed, Diehl assigned to the plaintiff his portion of the claim for fees.

If this were all, there would be no ground whatever for claiming that the agreement was champertous. A mere agreement for a contingent fee is not champertous. To constitute champerty there must be an agreement on the part of the champertor to carry on the party's suit at his own expense, as well as for a share of the thing or money to be recovered. 4 Bl. Com., 135; McDonald v. Railroad Co., 29 Iowa, 174. We come, then, to the question as to whether the facts of this case, as shown by the evidence, bring it within the rule.

In the first place, it is to be observed that Mrs. Neidy had no suit. The proceedings were in probate. They pertained to the settlement of the administrator's account, and, while the contest must have caused some costs, they would not, we think, have been taxable to Mrs. Neidy, if the contest had

been unsuccessful. It had been commenced by Diehl in his own name, and the undisputed evidence is that it was all made in his name.

But conceding that Mrs. Neidy might have been taxed with costs in case of failure, still we think that there was no champerty. So far as the plaintiff, Jewel, is concerned, we are unable to find that he made any agreement to pay costs. He testifies postively that he did not, and we are not disposed to put a strained construction upon words or circumstances for the purpose of finding that he did. He is not only a member of an honorable profession, but so far as we know, a worthy member of it. Making a champertous contract is an act of moral turpitude. We should not be justified in finding it from words or circumstances which are equally consistent with innocence. What, then, is the evidence that Jewel agreed to pay costs? The evidence is that, after there had been some discussion in regard to the matter of the fee, he said to Mrs. Neidy: "If we do not get anything it will not cost you anything. The evidence, also, is that Diehl told her in Jewel's presence that he would see the costs paid, and that Jewel told her that she was not to pay costs. We think that the only agreement made was made by Diehl, and that he did not undertake to bind any one but himself, and that whatever Jewel said had reference to Diehl's agreement. The words used do not by any fair construction import more than that. It was easy for Diehl to agree to see the costs paid, inasmuch as he had already become liable to pay them in case of failure, and they were not to be increased or diminished by reason of Mrs. Neidy's agreement to pay something as an attorney's fee. It was perfectly lawful, too, for Diehl to make such an agreement. He could not become guilty of champerty. He was a party in interest, and not an officious promoter of another person's strife. The principle involved was decided in *Call v. Calef*, 13 Metc., 363. Jewel, then, could properly enough look on and see Diehl make such an agreement; but, because he looked on and saw Diehl make such

an agreement for himself, we are not to infer that Jewel intended to bind himself by it also, when to do so would be unlawful.

There remains to be determined how much the plaintiff is entitled to recover.

Upon the first reference, the referee had found in Mrs. Neidy's favor to the amount of $76.56. The contest resulted in a finding in her favor to the amount of $314.89. It appears, therefore, that the defendant was benefited by the contest to the amount of $238.33. The plaintiff construes the contract between him and the defendant as meaning that he was to have half of the difference of the amount which had been previously found in the defendant's favor, and such larger amount as should be found as the result of the contest. We should not be justified in construing the contract more favorably for him than he does for himself. His recovery, then, cannot, we think, exceed $119.16. The defendant, however, contends that the plaintiff did not recover for her more than $51.95. It appears that, while it is true that the referee found that there was due her $314.89, she was chargeable with $262.94, for property of the estate turned over to her by the administrator long before that, and for which the administrator should have been credited as against her, but never had been thus credited. This being so, the amount really due her was only $51.95. After the finding in her favor of $314.89, she gave the administrator a receipt, as was proper for her to do, to apply against the same, to the amount of $262.94, and the balance due was paid by the administrator into court.

It appears to us, however, that the benefit which she received from the plaintiff's services was not less by reason of the fact above stated. According to the spirit of the contract, we think that he is entitled to $119.16, and to a decree as prayed.

REVERSED.