HYATT v. THE BURLINGTON, CEDAR RAPIDS & NORTHERN R'Y CO.

1. **Practice:** ADMISSION DURING TRIAL: ESTOPPEL. Where a party, pending a trial, makes an admission of his liability, and thereby obtains a supposed advantage, he is estopped from afterwards denying the truth of the admission. For illustration see opinion.

*Appeal from Wright Circuit Court.*

FRIDAY, APRIL 23.

ACTION AT LAW. Trial by jury. Judgment for plaintiff, and both parties appeal.

*S. K. Tracy*, for appellant.

*D. D. Chase*, for appellee.

SEEVERS, J.—The plaintiff is an attorney at law, and as such commenced an action for one Gunnerson against the defendant to recover damages sustained by Gunnerson by reason of a personal injury caused by the negligence of the defendant. At the time the action was commenced, the plaintiff served a notice on the defendant that he claimed an attorney's lien for $7,000. After the service of such notice the defendant settled with Gunnerson, and this action is brought to recover a reasonable compensation for the services of the plaintiff. The defendant pleaded that the contract between the plaintiff and Gunnerson was champertous, and void as being against public policy, and therefore it is insisted that the plaintiff is not entitled to recover in this action. This is the sole question involved in defendant's appeal.

Under the decisions of this court, the contract of employment between Gunnerson and the plaintiff must be regarded as champertous and void. *Boardman v. Thompson*, 25 Iowa, 487; *Adye v. Hanna*, 47 Iowa, 264. The plaintiff, however, does not seek to recover on such contract, nor does she claim to be entitled to an increase of compensation because of it. He simply claims to recover a reasonable compensation for the services performed. Of course, the plaintiff's right to recover of the defendant must be based upon some contract with Gunnerson; and it is, in substance, insisted that, unless he can ignore the real contract between Gunnerson and himself, and recover a reasonable compensation of the former, then he cannot do so as to the defendant. We do not believe it is necessary to determine this question. During the trial, the plaintiff sought to show how Gunnerson was crippled. To this the defendant objected as being immaterial, for the

reason that the defendant "admitted Gunnerson was permanently injured, as claimed by the plaintiff; that defendant, with full notice of plaintiff's lien, in May, 1885, made settlement with Gunnerson by agreeing to pay him $2,000, and to pay his attorney's fees; that this plaintiff is entitled to recover of defendant in this action, the only question being as to the amount." Thereupon the objection to the question was sustained. As the defendant, by the admission, succeeded in excluding certain evidence deemed material, the defendant ought not now be permitted to repudiate the admission made. It will be observed that the defendant admitted its liability, but now seeks to change front, and deny any liability. Having, by the admission, obtained a supposed advantage, the defendant is estopped from denying it. The plaintiff states, in an argument filed by him, that in case there is an affirmance on defendant's appeal, he does not desire to press to a consideration the errors assigned on his appeal.

The judgment of the circuit court is

AFFIRMED.