JOHN WALLACE AND R. H. BROWN v. CHICAGO, MILWAUKEE & St. PAUL RAILWAY COMPANY, Appellant.

**Attorney Lien:** SETTLEMENT BY CLIENT PENDING APPEAL FROM JUDGMENT AGAINST HIM. On the first trial of a cause against a railroad company a judgment for plaintiff was obtained, on which her attorneys filed liens. The judgment was thereafter reversed, and a retrial resulted in a judgment for the company. Pending an appeal therefrom, a settlement was effected between the parties under an order of court, the amount agreed upon paid to plaintiff, and the action and appeal dismissed. Held, that a lien in favor of plaintiff's attorneys based on a contract for an enlarged compensation, made after the procurement of the first judgment, should have been satisfied, and that they were entitled to protection against the company.

CHAMPERTOUS CONTRACT: What is not. A contract by attorneys agreeing to prosecute an action against a railroad company, by which they were to have one-half of the amount recovered, and by which, also, plaintiff was to pay them the money advanced in the cause, together with their personal expenses relating thereto, is not champertous and void.

*Appeal from Woodbury District Court.*—HON. FRANK R. GAYNOR, Judge.

SATURDAY, DECEMBER 22, 1900.

PLAINTIFFS rendered services as attorneys for Susan O. Adams, administratrix of the estate of her deceased husband in prosecuting a claim against appellant for causing his death. Upon the first trial of the case a judgment was recovered against the appellant, upon which attorneys' liens were duly filed. Thereafter the case was reversed by this court, and a retrial had, which resulted in a verdict and judgment for the appellant, from which an appeal to this court was duly taken. Afterwards, and before further action was had thereon, the administratrix procured from the judge of the district court an order for

a settlement of her claim against the company for the sum of $250, which was paid to her, and her action and appeal dismissed. The present action was brought to recover of the appellant one-half of the amount paid to the administratrix, together with costs and disbursements paid on her account, as provided by contract with her. The case was tried to the court, and judgment rendered for the plaintiffs for the sum of $250. The defendant appeals.—*Affirmed*.

*Shull & Farnsworth* for appellant.

*George M. Pardee, R. H. Brown* and *John Wallace* for appellees.

SHERWIN, J.—But two questions are presented for our determination. It is first contended that no liens exist, because the action is based upon a contract, entered into subsequent to the filing of the liens, and because at the time of the settlement in question there was no claim or judgment pending against the appellant, and because it had no money due the administratrix; and, further, because the amount which was given her was a donation, and paid after all claim or possible cause of action against it had been finally determined. The case is similar in many respects to *Winslow v. Railway Co.,* 71 Iowa, 197. It differs only in the fact that after the procurement of the judgment a new contract was made, which enlarged the compensation of the attorneys, and in the further fact that a subsequent trial resulted in a verdict for the defendant. But neither of these additional facts, in our judgment, can change the rule there announced. The second contract only operates to change the amount the attorneys were to receive. The appellant had notice that they claimed a lien for services rendered, and the amount thereof could make no possible difference to it. Nor can the claim be sustained that the payment to Mrs. Adams was a mere gratuity. The entire record refutes such claim. The action was at the time

pending against the company, notwithstanding it had obtained a judgment; and it can make no difference whether the money was in fact paid before or after the dismissal of the appeal and action, for it is very clear that the payment was made in settlement of the claim against the company, and to prevent further litigation. Under this condition of things the plaintiffs were entitled to protection. *Larned v. City of Dubuque,* 86 Iowa, 166.

Appellant's principal contention is that the contract for attorney's fees was champertous and void. The claim is not made that the contract itself shows this, but it is urged that the facts and circumstances appearing in evidence so strongly indicate such to be its true character that we should so hold. The contract is as follows: "I Susan O. Adams, administratrix of the estate of S. H. Adams, deceased, hereby agree with John Wallace and R. H. Brown to pay them for their services as attorneys in the case of Susan O. Adams, Administratrix, vs. the Chicago, Milwaukee and St. Paul Ry. Co., now pending in the district court of Woodbury county, Iowa, one-half of the amount recovered in said cause by me as administratrix, whether the same be on final judgment against said company or on settlement with said company of the claim involved in said suit; and to also pay them the money heretofore or hereafter advanced by them, or either of them, if any, in the prosecution of said cause, together with their personal expenses incurred in connection therewith. This agreement is intended to take the place of, and is executed in lieu of, all agreements heretofore made by me with either and both of said attorneys." It may be conceded for present purposes that courts are not bound by the terms of the written contract in determining the truth of the transaction, but will consider any evidence which tends to reveal its true character. In doing so, however, we should, in the inception of the investigation, assume that the intent of the parties is truly expressed in the writing they have made. And while it is

the duty of all courts to maintain, so far as possible, the purity and dignity of the profession, and to frown upon the illegal and immoral acts of any of its members, the brand of illegal and immoral action should not be recklessly applied, nor should it be applied without sufficient evidence to warrant the application. As we read it, there is nothing in the evidence before us, aside from the testimony of Mrs. Adams, the administratrix, tending to show the nature of the contract to be other than appears in the writing itself, and the most that can be claimed for her testimony is that the plaintiffs were not willing to themselves enter a dismissal of the suit upon the settlement which was proposed to her. No obstructions were placed in the way of a full settlement by her, nor does it appear that she was advised not to settle. It is not denied that they had made advancements in the way of paying the filing fee, and for the attendance of witnesses, and for other necessary expenses incident to the preparation and trial of the case. But this is not sufficient evidence of an illegal and immoral contract, for but few cases of any kind are handled by the most exact and conscientious of the profession where they are not called upon to do many or all of the things complained of here, and where they do not hesitate to make these advancements without thought of wrong, and in most instances without thought of how or when repayment will be made. We think this case is not brought within the rule announced in *Boardman v. Thompson,* 25 Iowa, 487; *Adye v. Hanna,* 47 Iowa, 264; *Hyatt v. Railway Co.,* 68 Iowa, 662, but is controlled rather by *McDonald v. Railroad Co.,* 29 Iowa, 170; *Jewel v. Neidy,* 61 Iowa, 299. There was no error in the amount allowed by the trial court, as the evidence showed plaintiffs entitled to more, under their contract, than was paid the administratrix. The judgment is AFFIRMED.

LADD, J., takes no part.