### CUTCHALL v. CUTCHALL.

No. 14548—Opinion Filed Dec 18, 1923.

1. **Divorce—Allowance of Attorney's Fees —Effect of Contract with Client.**

The defendant in a divorce suit contracted to pay to her attorneys 25 per cent. of all moneys or property or other thing of value recovered for her in said suit, in the event a division of the property was recovered, and that in the event such division was not recovered said attorneys were not to receive any compensation other than that allowed by the court. Pending the suit a property settelment was entered into between the plaintiff and defendant, and afterwards approved by the court. Such property settlement provided that the plaintiff should pay into court for the use of defendant's attorneys such sum as the court should deem adequate and proper. Thereafter the court, upon a hearing, found that the services rendered by the defendant's attorneys were of the value of $1,250. Held, that the plaintiff is liable for said attorney's fees, and that the original contract between the defendant and said attorneys provided for a contingent fee, was immaterial, the recovery not being based upon the contingent provision of said contract.

2. **Same—Reasonableness of Fees.**

Record examined, and held, that under the evidence the allowance of $1,250 for attorneys fees is not excessive.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County; Albert C. Hunt, Judge.

Action by I. R. Cutchall against Lillian Cutchall. Judgment for plaintiff for divorce, and for defendant for $1,250 for attorneys' fees. Plaintiff appeals from the order allowing attorneys' fees. Affirmed.

H. B. Martin and R. A. Reynolds, for plaintiff in error.

Lewis & Wortman and McGuire & Marshall, for defendant in error.

Opinion by DICKSON, C. On the 7th day of January, 1923, in the district court of Tulsa county, the court rendered its decree (1) granting the plaintiff a divorce, (2) approving and confirming a property settlement between the plaintiff and defendant, and (3) directing that the plaintiff should pay the costs, and pay into court, for the benefit of defendant's counsel as compensation for attorneys' fees the sum of $1,250.

The plaintiff has appealed from that portion of the decree requiring the payment of the item of $1,250 for attorneys' fees. It appears from the record that the plaintiff instituted this suit on the 12th day of November, 1922, that the parties were married in 1892, but had lived separate and apart for some ten years before the filing of this suit; that the defendant resided in Toledo, Ohio, and the plaintiff in Tulsa, Okla.; that the plaintiff was possessed of property of the approximate value of $75,000. At the time the suit was filed, the plaintiff filed an affidavit to secure service by publication, reciting that the defendant was a nonresident of the state of Oklahoma, and living in the city of Denver in the state of Colorado.

On November 28, 1922, the defendant's attorneys', Messrs. Lewis & Wortman, wrote the defendant a letter advising her that this suit had been filed and tendering their services as her attorneys. There was other correspondence between the defendant and Messrs. Lewis & Wortman, resulting in the contract between the defendant and said attorneys, whereby said defendant agreed to pay the said attorneys 25 per cent. of all moneys or property or other thing of value recovered or obtained for her, by or through said suit of compromise or release or other settlement. The contract further provided that said attorneys were in no event to pay any costs and were not to receive any compensation other than that allowed by the court, except in the event of the recovery of a division of the property. It is contended by the plaintiff that this contract was void and against public policy, and for that reason the court erred in allowing an attorneys fee to be taxed against the plaintiff. We are of the opinion that the question of the legality of this provision of the contract is not before the court. By article 8 of the property settlement, which upon the plaintiff's request was approved by the court, it is provided:

"It is further agreed that in addition to the payment hereinbefore provided for, the plaintiff will pay into court for the use of defendant's attorneys in said cause as their compensation for fees whatever sum the court shall deem adequate and proper for such purpose."

On the trial of the case it was held that the contract between the defendant and her attorneys, so far as the contingent fee provision was concerned, was not binding upon the plaintiff; the court saying:

"The only thing before the court now is as to what would be a reasonable fee for the services rendered, to be chargeable against the plaintiff on the contract he made."

In re Sylvester's Estate (Iowa) 192 N. W. 442, cited by the plaintiff, it is held:

"A contract between attorneys and their client to obtain a divorce for her and to settle property rights, providing for a contingent fee held illegal as contrary to public policy."

But in that cause it is further held that, notwithstanding the contract was illegal and could not be enforced, still the attorneys would have a right to recover or quantum meruit.

The case of State v. Martin (Wash.) 87 Pac. 1054, is not in point. In that case the defendant had procured employment for himself as an attorney by falsely and fraudulently representing a state of facts to his client which were untrue. In this case it is conceded that Messrs. Lewis & Wortman faithfully represented the defendant, and it appears that by reason of their efforts in her behalf she secured a settlement by which she is to be paid $150 a month during the balance of her life.

The plaintiff, having agreed to the property settlement and expressly undertaken to pay such attorneys' fees as the court should allow, is in no position to assert that there is no liability against him. Hyatt v. Burlington, C. R. & N. R. Co. (Iowa) 27 N. W. 815. The provision in the contract between the defendant and her attorneys, to the effect that in the event no property division was secured by the suit they should be paid such fee as the court might allow was valid. And it is well settled that a valid covenant in a contract based upon a legal consideration is enforceable though a separate covenant for the same consideration is void as being against public policy. Culver v. Diamond, 64 Okla. 271, 167 Pac. 223.

It is further contended the allowance in this case of $1,250 is excessive. Several witnesses, testified as to the value of the services; some of them placing the value at $3,000, and one witness placing it at $1,500. These witnesses were all members of the Tulsa Bar. Inasmuch as the allowance made by the court was $250 less than the lowest estimate of any witness of either plaintiff or defendant, we think it should not be disturbed.

It is therefore recommended that the judgment appealed from be affirmed.

By the Court: It is so ordered.