Cinda Richard commenced this action in the district court of McIntosh *Page 303 
county in May, 1927, praying for a divorce against Eastman Richard and for alimony in the sum of $50,000, and for the care and custody of two minor children. At a trial on the 31st day of January, 1928, the plaintiff was granted a divorce and the sum of $500 expenses, and the further sum of $2,000 as attorney's fees. From this judgment Eastman Richard prosecutes this appeal. The parties will be referred to as they appeared in the trial court.
The record discloses that the plaintiff and defendant began living together in the year 1910, under what is commonly known as a common-law marriage. Such relation was maintained until the year 1913, during which time two children were born to them. In 1913, Eastman Richard deserted the plaintiff and married her sister, Nellie Thompson, securing a license and being married pursuant to statutory law. Soon thereafter Cinda Richard, the plaintiff here, brought an action for divorce and alimony.
About the time that Eastman Richard married Nellie Thompson, oil was discovered upon his allotted land, which brought him great wealth; both the parties being full-blood Indians. The action brought in 1913 by Cinda Richard was dismissed with prejudice after Cinda had signed an agreement, by the terms of which she was paid the sum of $10,000, and each of her children $5,000, and in said agreement it was stipulated that Eastman Richard and Cinda Richard were never married and were not man and wife.
Thereafter Eastman Richard and Nellie Richard separated and Nellie secured a divorce and something like $25,000 as alimony. Eastman then married one Ollie Williamson, with whom he lived for several years. It appears from the record that during this marriage Eastman associated with other women, and Ollie filed an action for divorce and also had him prosecuted criminally for adultery. He made a settlement with Ollie in which he gave her the sum of $20,000 and certain attorneys' fees.
Soon after this action was filed, the attorneys for Ollie secured permission from the court to appear amicus curiae in this action, apparently upon the grounds that Eastman Richard and Cinda Richard and their attorneys were conspiring together for the purpose of defeating Ollie, and the court allowed the attorneys to appear, although specifically found that no evidence was shown of collusion.
At the time of the trial of this case, the chief question presented to the court was whether or not Eastman Richard and Cinda Richard were ever married, or whether they were ever husband and wife, and on this issue the court found that they became husband and wife on account of the relationship heretofore described, and had been husband and wife ever since the year 1910. Before the judgment in this case was entered, however, Eastman Richard had made his settlement with Ollie. In rendering the judgment in the instant case, the court took into consideration the amounts which Eastman Richard had paid Cinda and her children back in 1913, and found that it was a fair and reasonable property settlement at that time, but allowed Cinda the sum of $2,500 as attorneys' fees. Later this order was set aside and $500 was allowed Cinda for expenses, and $2,000 as attorneys' fees.
The only question presented by this appeal is stated in the brief of plaintiff in error, as follows:
"That that portion of the judgment of the court allowing Cinda Richard the sum of $2,000 as attorneys' fees is contrary to the evidence, is exorbitant, and constitutes an abuse of judicial discretion, and is not a reasonable expense as contemplated by section 506 of the Compiled Oklahoma Statutes of 1921."
We have carefully considered the record in this case, and are unable to say that the allowance of the attorneys' fees is contrary to the evidence or unreasonable.
It is very apparent from the record that Eastman Richard has been involved in several lawsuits on account of his different marriages and associations with different women, and these marriages and associations have cost him what to the average person would be a great fortune. There is, perhaps evidence in the record to support the contention of plaintiff in error that he has been imposed upon in several instances by parties who were desirous of securing a part of his wealth. But we have searched the record in vain to find where any imposition of any kind was occasioned by Cinda Richard. The court found that legal common-law marriage existed between plaintiff and defendant, and that children were born of that marriage, and that they were never divorced. The court also found that Cinda Richard was overreached and imposed upon at the time she signed the agreement in 1913, where she admitted, or rather stated, that she was never the wife of Eastman Richard. There is sufficient evidence to show that she thought she was divorced until about the year 1926, just prior to the filing *Page 304 
of this action; that Eastman Richard had given her just grounds for divorce is not disputed. The findings of fact by the lower court are not presented in this appeal, but the only question is whether the allowance of attorneys' fees is reasonable.
Several attorneys appeared at the trial and testified that a reasonable attorneys I fee in the matter would be from $2,500 to $5,000, and this testimony is not disputed by any one. The matter was tried before the district judge, who understood all the proceedings and knew the amount of services performed, in addition to the testimony introduced before him.
In the case of Cutchall v. Cutchall, 94 Okla. 212,221 P. 457, in the body of the opinion, the court says:
"It is further contended that the allowance in this case of $1,250 (as attorneys' fees) is excessive. Several witnesses testified as to the value of the services; some of them placing the value at $3,000, and one witness placing it at $1,500. These witnesses were all members of the Tulsa Bar. Inasmuch as the allowance made by the court was $250 less than the lowest estimate of any witness of either plaintiff or defendant, we think it should not be disturbed."
This statement by our court applies very forcibly to the facts in the instant case, as the testimony in the two cases is almost identical, with the sole exception that in that case witnesses were sworn both for plaintiff and defendant, while in the instant case the plaintiff seems to have introduced all of the expert testimony.
Not only did Eastman Richard desert his legal wife and children, and under fraud secured her signature to an instrument in which she unknowingly admitted that she had lived in adultery with him, and also that her children were illegitimate, but the record further shows that he is amply able to pay the amount allowed, and that under the circumstances the amount is not unreasonable. The statement of his property, which appears in the record prepared by his own agent, shows a net worth of something like $500,000. It is true that a large part of his property is restricted and in the hands of the Indian Department, but it is shown that his personal expenses for the year 1927 were more than $17,000, which did not include insurance premiums, taxes, interest on borrowed money, salaries for attorneys, automobile expense, bad debts, and a store account, which in itself amounted to $14,000. His estimated personal expenses for the year 1928 are shown at $10,000, and in addition thereto salaries and attorneys' fees $8,000, and automobile $3,000; this all in addition to interest, insurance, and taxes. The statement shows certain debts which Eastman Richard owes which are a lien upon his property, and perhaps, after everything is settled, his estate is not worth as much as above indicated; but we think from all the circumstances, together with the testimony of the attorneys, as above set out, that the fee allowed was not unreasonable.
The judgment of the trial court is affirmed.
TEEHEE, LEACH, REID, and HERR, Commissioners, concur.
By the Court: It is so ordered.
Note. — See under (1) anno. 24 L. R. A. 629; 13 L. R. A. (N. S.) 244; L. R. A. 1915C, 467; 25 A. L. R. 351; 13 R. C. L. 1211. See "Divorce," 19 C. J. § 553, p. 235, n. 50; § 554, p. 236, n. 60; § 561, p. 240, n. 23.
 *Page 1