Rudolph H. MOBLEY, Plaintiff in Error,

v.

Gwendolyn S. MOBLEY, Defendant in Error.

No. 36215.

Supreme Court of Oklahoma.

Nov. 30, 1954.

Rehearing Denied Dec. 14, 1954.

John B. Ogden, Oklahoma City, for plaintiff in error.

R. Guy Carter, Dallas, Tex., Claud Briggs, Oklahoma City, for defendant in error.

O'NEAL, Justice.

Gwendolyn S. Mobley and Rudolph H. Mobley were married in 1943; they had two children, a boy of 4, and a girl of 3 years of age. During the second World War, Rudolph was in the service and Gwendolyn lived with her parents in Dallas, Texas, and was employed at a Dallas bank; they established a home in Oklahoma City in 1949. Due to domestic trouble they separated in February, 1953. Rudolph brought an action for divorce in which he charged Gwendolyn of gross neglect of duty

in that she was a slovenly housekeeper, a poor cook, and failed to properly care for their children; that Gwendolyn constantly fussed with the children and on one occasion slapped Rudolph. Wherefore, he prayed for a divorce and the custody of the children.

On the same day that Rudolph brought the foregoing divorce proceeding, Gwendolyn brought an action for divorce against Rudolph, in which she alleged that her husband was guilty of extreme cruelty, both of a physical and mental character; that Rudolph in fits of temper has used profane, obscene and derogatory remarks toward and about Gwendolyn, and, among others, that she had been guilty of adultery.

After the filing of the foregoing petition, Rudolph filed an amendment to his petition in which he charged Gwendolyn with adultery. After numerous other pleadings, the two actions were consolidated for trial.

The trial court found all the issues in favor of Gwendolyn and against Rudolph in Case No. 76582–D, and all the issues against Rudolph H. Mobley in Case No. 76581–D.

Hereafter, we will refer to Gwendolyn as the plaintiff, and to Rudolph as the defendant.

Specifically, the court found that the aims and purposes of the marriage have been destroyed; and that the important matter is the custody of the minor children; that plaintiff is a fit and proper person and is awarded the custody of the children; that plaintiff may remove them to Dallas, Texas, to the home of plaintiff's parents, subject to the further order of the court. The defendant is granted visitation privileges and is ordered to pay plaintiff $100 monthly as child support, and the sum of $500 in lieu of property settlement, and an additional sum of $500 for the use and benefit of plaintiff's attorneys.

We are presented with a voluminous record of testimony, which plaintiff says supports the decree and which defendant says does not support it.

■ We have frequently held that where evidence in a divorce action is conflicting as to the facts and fault, but is sufficient to sustain the decree of the trial court, the Supreme Court on appeal will not disturb the decree rendered. Nelson v. Nelson, 189 Okl. 318, 117 P.2d 110.

Charges and counter charges of extreme cruelty, whether physical or mental, arise and cumulate in the intramural of the home. Pertinent testimony is largely limited to the parties involved. There is a line, sometimes difficult to identify, but always of vital demarcation, as to where fault lies, and that line was here traced in favor of the plaintiff and against the defendant.

The trial judge's determination of facts, out of the very necessity of the case, must be given great weight.

In the trial of the case the court observed that from all of the testimony introduced, the facts and circumstances appearing in evidence, and demeanor of the witnesses during the trial, that he was of the opinion that the proof predominated in favor of the plaintiff.

■ We find substantial evidence in the record to support the decree of divorce in plaintiff's favor and granting her the custody of the children.

■ We do not agree with the defendant's contention that the court erred in permitting the plaintiff to temporarily take the children to her parents' home in Dallas, Texas, where the plaintiff was gainfully employed. The evidence supports the court's finding that the best interest of the children will be thus preserved.

In lieu of a property settlement the decree granted the plaintiff, as alimony, the sum of $500 payable in monthly installments, and made an allowance for the benefit of the minor children in the sum of $100 per month, payable monthly, and an additional allowance of attorney's fee in the sum of $500.

■ The defendant is a lathe carpenter, with an average income of $325 monthly. He was decreed an equity of $200 in a vacant lot and a 1950 Plymouth automobile was set aside as his individual property, together with certain household furniture, the value of which is not disclosed by the record. In view of the fact that defendant

664

had heretofore paid plaintiff the sum of $300 for the use and benefit of plaintiff's attorneys, we are of the view that the order requiring an additional payment of $500 is excessive.

In Richard v. Richard, 142 Okl. 302, 286 P. 900, we held that the ability of the husband to pay is one of the controlling factors in the allowance of attorney's fee.

The judgment of the trial court granting Gwendolyn S. Mobley a decree of divorce and giving her the custody of their minor children is affirmed. The decree granting plaintiff an additional attorney's fee of $500 for the use and benefit of her attorneys is modified by reducing it to $250 and as modified the judgment of the trial court is affirmed.