John JORSKI, Plaintiff in Error,
v.
Hettie JORSKI, Defendant in Error.
No. 37311.

Supreme Court of Oklahoma.
Dec. 18, 1956.

**1058**

Smith, Johns, Smith & Neuffer, Oklahoma City, for plaintiff in error.

P. D. Erwin, Chandler, for defendant in error.

CORN, Justice.

It is alleged in the petition of Hettie Jorski, plaintiff, that the defendant, John Jorski, has been guilty of gross neglect of duty and extreme cruelty, and there exists an incompatibility between the parties sufficient to justify a divorce; and that the plaintiff is without fault in the premises. That the defendant owns the following described real estate located in Lincoln county, Oklahoma, to-wit: Southeast Quarter (¼) of Section Twenty-seven (27), Township Thirteen (13) North, Range Two (2) East of the Indian Meridian. Defendant also owns three horses, three head of cattle, chickens, turkeys, sow and six pigs, Chevrolet sedan and other personal property unless he has sold some part of same within the past month; that he also has a crop of corn, oats and hay unless sold; and that the defendant has money in the bank as plaintiff verily believes and therefore alleges.

The defendant answered by general denial, and also filed a cross-petition wherein he sought a divorce from the plaintiff upon the grounds of her abuse and mistreatment of him, but did not seek custody of the minor daughter.

After a trial the court granted the plaintiff a divorce and custody of the minor daughter, twelve years of age, and made the following property settlement between the parties, to-wit:

"It is further ordered and decreed by the court that the plaintiff be awarded and given as her sole and separate property the following described real estate located in Lincoln county, Oklahoma, to-wit: Southeast Quarter (¼) of Section Twenty-seven (27) Township Thirteen (13) North, Range Two (2) East of the Indian Meridian; and that she pay the balance of the mortgage thereon of approximately $2100.-00, and the plaintiff is also awarded the personal property covered by the temporary order herein, to-wit:

Clothes of plaintiff and minor daughter;

One bed stead, mattress and springs;

One large trunk, day bed, dresser;

One-half of all bed clothes, blankets, quilts, linens, dishes and cooking utensils, and

One-half of all canned fruit and vegetables;

30 hens, 80 fryers and 17 spring turkeys;

Sewing machine and ironing board.

"It is further ordered and decreed by the court that the plaintiff be granted the exclusive care and custody of the minor child, Barbara Ann, and the defendant is ordered to pay the sum of $15.00 per month beginning January 1, 1956, for the care and support and maintenance of said minor child, which payment shall be made to the court clerk of said county, during her minority.

"It is further ordered and adjudged by the court that the plaintiff pay her own attorney's fee and the cost of this suit, and that the defendant pay his own attorney's fee."

Since the separation and before the trial the defendant had disposed of the balance of the personal property and had leased the farm for $250. His testimony as to the value of the farm is as follows:

"Q. Well, if you divided it so one eighty had the improvements on it east and west, and the other eighty didn't have any improvements, how much would the eighty be worth that had the improvements? A. About $2500.00 I would say.

"Q. How much would the eighty be worth that didn't have any improvements? A. Well, I don't know—nobody wouldn't buy it that way, unless they could buy the whole farm—its not too much of a place, if you just had half of it, an eighty of it.

"Q. Is there any oil—producing oil wells around close to it? A. No, all dry holes.

"Q. How's that? A. All dry holes —was what they dug. '

"Q. There has been several wells drilled around there? A. Yes, they've drilled and then dry holes—all dry holes."

The defendant in his brief states:

"The plaintiff in error does not appeal from the Order granting the defendant in error a divorce, nor to the Order awarding custody of the minor child of the parties nor the Order as to the child support payments but appeals on two points; the first being that he was not granted visitation rights with his minor child, and the second, on the question of division of property."

The defendant contends that he should be given right of visitation with the child. Barbara Ann Jorski, daughter of the parties, testified that she was twelve years old and that she was in the seventh grade at school, going to White Rock; that her father got drunk whenever he went to town with Tony, her older brother; that he called her mother bad names. She testified that her father chased her out of the door when she admonished him about calling her mother bad names; that he said he would whip her for it. She said he whipped her one time after she ran when he had told her to mind.

In Mobley v. Mobley, Okl., 277 P. 2d 662, syllabus 2, we held:

"In awarding custody of minor children in a divorce action, the best interest of the children should be the paramount consideration of the court, and where it does not appear that the trial court has abused its discretion, this court will not reverse the order of the trial court."

We find there is ample evidence in the record to support the judgment of the trial court in granting a divorce to the plaintiff, and awarding her custody of their minor child. Under the facts and circumstances in this case we refuse to change the judgment of the trial court as to visitation rights of the defendant, but leave that to the trial court upon application and proper proof by the defendant.

As to the farm, it has about $2,100 mortgage on it that is to be paid semi-annually, in payments of $68 each. Neither of the parties were living on the farm at the time of the trial, which had been their home for thirty years prior to their separation. The plaintiff, who has been living with one of her married daughters, testified in effect, that she and her minor daughter would like to move back on the farm; that she would rent the land, get a milch cow, chickens, and raise a garden, and send the daughter to the school where she had gone before the separation.

As reflected by the record, the plaintiff is past sixty years of age, and has lost the use of one hand which is crippled with arthritis, and is not capable of doing anything which requires hard work.

██ In West v. West, Okl., 268 P.2d 250, 251, we held:

"In a divorce action the division of jointly acquired property is not required to be equal and the court may make division in kind, with such adjustments in assumption of liabilities, debts, and other payments as may make the division just and equitable. On appeal from such decree, this court will search the entire record, but will not set aside or modify the decree in the absence of a showing that the division is clearly against the weight of the evidence."

██ We therefore hold the judgment of the trial court is not against the clear weight of the evidence.

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.

CARLILE, J., dissents.